June Term, 1862.

In re FISHER.

---

In the Matter of the Estate of EDWARD FISHER, deceased, upon the appeal of WILLIAM FISHER.

A county court cannot receive and act upon a petition for letters of administration of an estate with the will annexed, pending an appeal from its order approving the will. All proceedings in that respect are suspended until the appeal is finally decided and the cause remitted to the county court.

A county court cannot dispense with the security required by the statute to be given before letters of administration with the will annexed are issued. And where it makes an order for the issue of such letters to the person who is acting as special administrator, it cannot, without the formal written consent of the sureties, direct that the bond given by such special administrator shall stand as the bond for his administration with the will annexed.

A special administrator will continue to hold the property and effects of the estate, and to be responsible as such, notwithstanding his appointment as administrator with the will annexed, until the security required by statute under such appointment has been given by him, or expressly waived by the parties in interest.

A county court sitting as a court of probate may, *at any time,* in furtherance of justice, revoke an order which has been irregularly made or procured by fraud.

APPEAL from the Circuit Court for *Rock* County.

On the 27th of August, 1852, the county court of Dane county made an order which recited that an instrument in writing purporting to be the last will of Edward Fisher, deceased, had been presented for probate on behalf of *William Fisher*, one of the executors named in said instrument, and that it appeared that there would be necessary delay in proving said instrument and granting letters testamentary thereon; and thereupon appointed *L. J. Farwell* administrator to collect and take charge of the estate of the deceased, until the said will should be proved &c., and required him to give bond &c.    On the next day *Farwell* filed his bond, which was approved, and in September following he filed an inventory of the estate, showing assets valued at $18,900, of which $2,640 was real estate. On the 4th of July, 1853, the county court made an order reciting that said Edward Fisher had executed two written instruments each as his last will, one on the 28th of March, 1844, and the other on the 25th of March, 1850 ; that the latter was a revocation of the former, and was a valid will of the personal estate of said deceased; and directing that the same be recorded, and that letters testamentary should issue to *William Fisher*, one of the executors named in said will.    On the 7th of the same month an appeal was taken from this order to the circuit court for Dane county.    On the 24th of October, 1853, the circuit court set aside so much of said order as declared the second of the instruments above named, a revocation of the

first; and decided, among other things, that *both* of said instruments be recorded as the last will of said Edward Fisher. On the 13th of April, 1854, the circuit court directed a transcript of the record of its order in the cause to be certified to the county court. On the 4th of June, 1854, a writ of *certiorari* from the supreme court for the review of said order, was filed in the circuit court, and return was made to the supreme court, July 27th. At the June term of that court, in 1854, the decree of the circuit court was affirmed. The cause was reheard at the June term 1855, and the final decision of the court made May 13th, 1856, reversing the decision of the circuit court, and affirming that of the county court, and remanding the cause for further proceedings. A *remittitur* bearing date June 5, 1856, was filed in the circuit court May 22, 1854. On the 10th of June following, that court directed the cause to be remitted to the county court for further proceedings; and this order was filed in the county court June 16, 1857.

On the 8th of March, 1855, a petition was filed in said county court by parties interested in said estate, praying that *Farwell* might be appointed administrator of the estate with the will annexed. On the 19th of the same month, the county court made an order appointing the 17th of April following for the hearing of said petition, and directing notice by publication for three successive weeks in a certain weekly newspaper named. The proof of publication of that order shows that the first publication was made "on or about the 27th of March, 1855." The record does not show any action by the court on the 17th of April, in reference to said petition. On the 22d of June, 1857, a petition was filed in the county court, by persons interested in said estate as legatees, &c., praying for an order that the special administrator do account; that he return into court an inventory of the real and personal estate of the deceased, &c.; and that the real and personal estate be distributed and set over to the heirs. On the 24th of the same month, the county court made an order directing *Farwell*, as special administrator, to account; also an order reciting the above mentioned *remittitur* from the supreme court, and directing, in accordance

with the decision of that court, that the will of March 25th, 1850, be recorded as the last will of said Edward Fisher. On the same day the county court also made an order in the matter of said estate as follows: "The petition of John Berkley, praying that letters of administration with the will annexed, on the estate of said deceased, be granted to *Leonard J. Farwell*, having been, by a former order of this court, set for hearing before the judge of this court on the 17th of April, 1855, at his office in Madison, and because the matter of proving the last will and testament of said deceased was then pending in the supreme court of this state, the hearing of said petition was adjourned from thence hitherto. And the said matter now being remitted to this court, and being now pending herein, the said petition now comes on to be heard and considered, and due proof of the proper publication of said former order having been made, and no one appearing to oppose the prayer of said petition, it is ordered that said *Leonard J. Farwell* be, and he is hereby appointed administrator with the will annexed, of the estate of the said Edward Fisher, deceased. And it is further ordered, that the bond heretofore filed in this court by the said *L. J. Farwell*, as special administrator of said estate (by consent) be, and the same is approved, and ordered to stand as his bond under this appointment." On the same day the county court issued letters of administration with the will annexed, on said estate, to said *Farwell*. On the 6th of August, 1857, *Farwell* filed his account as special administrator; and on the 8th of September following, the court made an order stating the amount of personal estate in the hands of *Farwell* as such special administrator to be $13,995.25, and directing him to pay over the same " to *L. J. Farwell*, administrator with the will of the said Edward Fisher annexed, and take his receipt for the same," &c. On the next day the court made an order directing a distribution of the personal property to the legatees.

On the 30th of July, 1860, *William Fisher* filed in the county court a petition, praying that the order of that court dated June 24th, 1857, appointing *Farwell* administrator of said estate with the will annexed, and also the order of Sep-

June Term,
1862.

In re Fisher.

tember 8, 1857, directing that *L. J. Farwell*, special administrator, pay the balance in his hands as such special administrator, to *L. J. Farwell* as administrator with the will annexed, be " set aside, cancelled and wholly held for naught," and that the petitioner, or such other suitable person as the court might select, might be appointed administrator of said estate with the will annexed; that said estate might be settled according to law, or that the petitioner might have such further or other relief as should be just. As grounds for this prayer, the petition set forth the facts above stated, and alleged that the order of June 24th, 1857, appointing *Farwell* administrator with the will annexed, and directing that the bond filed by him as special administrator stand as his bond as such administrator under the will, was void, and made without authority of law, 1. Because the petitioner had not, at the time of making the same, forfeited his right to qualify as executor. 2. Because the filing of said petition and the publication of notice of hearing of the same were illegal and void acts, on account of the pendency of said appeal and writ of *certiorari* as aforesaid. 3. Because said order was made without legal notice to parties interested. 4. Because such appointment could not be made without the giving of a new and proper bond as required by law. The petition further alleges, that " letters of administration with said will annexed, have never in fact been issued to *Farwell* under said last mentioned order, and *Farwell* has never given any bond under such appointment, and that no approval of said bond for the purpose [expressed] in said last mentioned order was ever indorsed thereon, and that the sureties in said bond of *Farwell*, as such special administrator, never consented to said order, nor did the petitioner ever consent to the same." The petition further alleges that prior to the order of September 8, 1857, directing *Farwell*, as special administrator, to pay $13,995.25 to *Farwell* as administrator with the will annexed, said *Farwell* was insolvent, and had converted said sum to his own use. It alleges also that said order was illegal, 1. Because said *Farwell* had not given bond as administrator with the will annexed. 2. Because letters of administration with said will annexed

had never been issued to him in fact.    3. Because the same was made without any notice to parties interested in said estate.    The petition further alleged that the petitioners resided in the state of New York, and that most of the other legatees mentioned in the will resided in England, and until within a short period of time had been wholly ignorant of the true situation of said estate.

On the 17th of December, 1860, the county court made an order denying the petition.    From this order *William Fisher* appealed to the circuit court for Dane county.    The venue was subsequently changed to the circuit court for Rock county.    At the hearing, depositions were read on the part of the appellant, under objection, and one on the part of *Farwell,* touching the question whether the attorneys of *William Fisher* and certain other legatees, had ever consented that the bond of *Farwell* as special administrator should stand as his bond under his appointment of June 24th, 1857, as administrator with the will annexed.    The circuit court made a decision, the material part of which is as follows:  " It appearing to the court that the material allegations of the petition of said appellant are true, it is adjudged  *  * that the order of the county court of Dane county, denying the prayer of said petition  *  *  be and the same is hereby reversed;  *  *  that the prayer of said petition be granted; and that the order of the county court of Dane county, made herein on the 24th day of June, 1857, appointing *Leonard J. Farwell* administrator of the estate of Edward Fisher, deceased, with the will  *  *  annexed, with the letters of administration issued thereon, be and the same are hereby cancelled, decreed void and of no effect.    And it is further adjudged that so much of the order of the county court of Dane County  *  *  dated September 8, 1857, as directs *Leonard J. Farwell,* as special administrator of said estate, to pay the sum of $13,995.25 to *Leonard J. Farwell* as special administrator of said estate with the will of Edward Fisher, deceased, annexed, be and the same is hereby cancelled and declared void and of no effect.    And it is further adjudged that the order of the county court of Dane county  *  *  for distribution of said estate, dated the 8th

June Term, 1862.

In re FISHER.

[9th] of September, 1857, be, and the same is hereby vacated and set aside and made void; but the said *Leonard J. Farwell* shall be allowed, in settling his account herein, pursuant to the direction of this order, all sums which he has, since the date of said order for distribution, paid in good faith to any person or persons named therein. And it is further adjudged that letters of administration on the estate of said Edward Fisher, deceased, be issued by the county court of Dane county to Nathaniel W. Dean, &c., &c. ; and that said *Leonard J. Farwell* do render, as special administrator of said estate, forthwith to the county court of Dane county, an account of all acts done and of all moneys paid out or received by him in such capacity, on account of said estate, since the 29th of August, 1857, and that he settle such account before said court according to law," &c., &c.

There is a statement appended to the decision and signed by the circuit judge as a part of the case, to the effect that the depositions offered in evidence were all excluded.

*Farwell* excepted generally to the order, and to each and every part of it, " because it grants relief not prayed for in the petition of *William Fisher*, and upon grounds not set out therein ; and because it is contrary to law and the evidence, and because no facts were found."

*Stevens & Lewis*, for appellant :

1. The circuit court was limited in its jurisdiction by the prayer of the petitioner, and could consider only the errors or objections therein alleged. *Boynton vs. Dyer*, 18 Pick., 1 ; *Grignon's Lessee vs. Astor*, 2 How. (U. S.), 339. 2. An appeal stays proceedings in the court below, only until the appellate court has rendered a full and complete decision. *Phillips vs. Rogers*, 12 Met., 413. The decision of the supreme court upon the appeal from the judgment of the Dane circuit court relative to the probate of Edward Fisher's will, by the act of rendition alone, gave notice of itself to the inferior courts and to all the world, and especially to the suitors whose rights were thereby ascertained. Formal notice of the decision, in compliance with the statute, was not necessary to restore jurisdiction to the probate court. *Green vs. Clark*, 24 Vt., 136. The petition for the appointment of *Far-*

*well* as administrator with the will annexed was filed, and publication of notice of the hearing made, shortly after the rendition of the first decision of the supreme court, and before any motion for a rehearing was allowed. The proceedings were therefore well taken, even if they could be considered as proceedings " in pursuance of the decree." But the proceedings were not such as would have been stayed, had the appeal been pending. Neither the filing of the petition, nor the publication of notice of the hearing thereof, was a proceeding in pursuance of the decree appealed from. 3. The appointment of *Farwell* as administrator with the will annexed, was not void because a " new and proper bond " was not given. Letters of administration were in fact issued to *Farwell*, and they recite that he has given the bond required by law. This is an adjudication upon the fact, and cannot now be questioned. *Grignon's Lessee vs. Astor*, 2 How. (U. S.), 340. Counsel further contended that the issuing of letters of administration without a proper bond would have been merely an *irregular* act, *voidable* upon appeal, but not void ; citing 4 Dev., (N. C.), 225 ; 4 Humph., 79 ; 5 Ala., 264 ; 6 Porter, 219 ; 1 Nott & McCord, 11 ; 2 Bibb, 401 ; 1 Blackf., 210 ; 2 Jones's Eq., 352 ; 9 Rich. Law, 127 ; 18 Ga., 173 ; 1 Strob. Eq., 85 ; 1 Mills' Cons. R., 47 ; 2 id., 382 ; 5 Rich. Eq., 475 ; 4 McCall, 547 ; 2 id., 510 ; 2 Sp., 97. To the point that none of the irrregularities alleged would render *Farwell's* appointment as administrator with the will annexed, and the issue of letters to him as such, *void acts*, counsel cited further 12 Gratt., 85 ; 14 id., 229 ; 8 Cranch, 9 ; 27 Ala., 273 ; 2 Duer, 160 ; 15 Ill., 284 ; 4 Denio, 91 ; 9 Pick., 259 ; 9 Paige, 202 ; 7 Barb., 641 ; 3 Hagg. (5 Eng. Ecc.), 243 ; R. S. 1849, chap. 68, sec. 18. It is not even claimed in the petition that the orders complained of are void. The prayer is, that they be " set aside and cancelled and held for naught." If they were void, there would be nothing to set aside.—Counsel also contended that upon the evidence, either admitting or excluding the depositions, it must be concluded that the order of the court relative to *Farwell's* appointment as administrator with the will annexed, including so much of it as relates to his bond, was made

by *consent* of attorneys representing the conflicting parties, and was therefore valid. Counsel contended further, that the probate court had no power to *revoke* letters of adminis- tration issued to *Farwell*, but that if there were any irregu- larities, the remedy was by appeal; citing 5 Littell, 473; 8 Cranch, 9; 15 Ill., 284; 14 Peters, 33; 11 Mo., 237; 11 Cush., 107, 519; 1 Williams on Ex'rs, 155; 9 Texas, 13; 2 Mass., 125; 13 B. Mon., 177; 2 Duer, 160; 27 Ala., 273; *Sitzman v. Pacquette*, 13 Wis., 291; *Edwards v. City of Janesville*, 14 id., 26. Although there are cases holding that, in extraordi- nary cases, letters may be revoked, yet the application to revoke the same must be made at once, and while the court has control of its order or judgment. Sometimes the power is limited to the time provided for appealing, sometimes to the next term thereafter. Busbee's Law R., 242; Rich. Eq., 378; 24 Vt., 404; 5 Littell, 473; 8 Blackf., 203; 13 B. Mon., 177; 11 Pa., 157; 1 Wms. Ex'rs, 155, and cases cited. Courts of equity even will not relieve after such limited time has passed. 12 Met., 411; 20 Pick., 7. Where an estate has been fully administered, the succession cannot be opened and a new administrator appointed. 9 Texas, 13; 11 id., 32; 1 Wms. Ex'rs, 409. Nothing remains to be done here but to pay certain of the legatees. This payment may as well be made to the legatees direct, as to another administrator. Again, the petition does not allege any *fraud* committed or deception practised upon the court, or even any *mistake*. These are the only grounds for the recall of letters that we have been able to find.

*Abbott, Gregory & Pinney*, for respondent:

The condition of the bond given by *Farwell* as special ad- ministrator, required him, among other things, to deliver the goods, &c., belonging to the estate to the person who should be appointed administrator, or to such other person as should be legally authorized to receive the same. R. S., 1849, chap. 68, sec. 8. This condition *Farwell* has not performed. There is no way by which to charge him under this bond but by the appointment of an administrator, to whom the court shall order him to pay over and deliver the money and other property belonging to the estate. Upon his failure to

do this, he and his sureties can be proceeded against under R. S., chap. 104, secs. 5, 6, 9, 10. The petition of *William Fisher* must, for the purposes of this appeal, be taken as true, as no part of it has been put in issue by the appellant. If he had wished to controvert any of the matters alleged in it, it was necessary that he should put upon the record a denial of such matters; and there is the same necessity for making up an issue in a proceeding of this kind as in an action at law. Dayton's Surrogate, 7; *Foster v. Wilber*, 1 Paige, 540; *Van Vleck v. Burroughs*, 6 Barb., 344. Upon the facts presented by the petition, counsel contended that *Farwell* was still special administrator, and had never had the authority of administrator with the will annexed conferred upon him so as to vest the estate or any part of it in him as such administrator, 1. Because he did not give a new bond as required by secs. 1 and 7, chap. 67, R. S. 1849. *Newcomb v. Williams*, 9 Met., 525; *Conkey v. Dickinson*, 13 id., 51; *Prior v. Talbot*, 10 Cush., 1. The order of June 24th, 1857, in reference to the bond was one which the county judge had no power to make, either with or without the consent of parties; and such pretended consent was never given. Nor did the law confer on that court power to grant letters without taking any bond, but an exercise of such a power is expressly forbidden. Nothing short of a new bond, conditioned and approved as the law required, would suffice to vest the estate in *Farwell*, as administrator with the will annexed. R. S., 1849, chap. 67, sec. 25; chap. 85, sec. 23. The county judge could not, by any act of his, discharge the special administrator from the obligation of his bond. *Alger v. Colwell*, 2 Gray, 404. 2. Because the order of June 24th, 1857, was made without legal notice to parties interested, and is therefore void. The appeal to the circuit court, July 4, 1853, and the pendency of the *certiorari* in the supreme court, operated to stay proceedings as to the whole of the matter appealed from, and the county court had no jurisdiction to act in the premises until the case came back to that court, June 16, 1857. R. S., 1849, chap. 85, sec. 33; *Patchin v. The Mayor*, 13 Wend., 664. The law required that notice of the time and place of the hearing of the petition filed March 8,

1855, should be published in such newspaper as the judge might direct. R. S., 1849, chap. 68, sec. 28. The judge of the county court had no power in March, 1855, to give any direction in the case on such subject. Nor had he any power on the 19th of April, 1855, to *continue* the hearing of the petition. Counsel contended further, that the county court had power to vacate orders irregularly made, or entered through mistake, or procured through fraud; and that this power is not confined to the term at which the act complained of was done, citing *Bronson v. Burnett,* 1 Chand., 136 ; 27 Me., 82; 8 Paige, 128; 1 Barb. Ch., 302; 1 Scam., 60; 21 Vt., 162 ; 24 id., 404; 1 Pick., 157; 9 id., 27; 18 id., 1; 1 Bradf. Sur. R., 100, 283; 5 Wis., 388; 9 Vt., 240; Dayton's Sur., 4–6.

Counsel argued other questions in the case, which were not passed upon by the court.

*By the Court,* DIXON, C. J. In this case the following points were unanimously resolved by the court:

1. The county court could not receive and act upon the petition for letters of administration with the will annexed, pending the appeal from the order approving the will. All proceedings in that respect were suspended until the matter of the appeal was finally decided, and the cause remitted to the county court.

2. The order appointing *Farwell* administrator with the will annexed, was irregular, in that it directed his bond as special administrator to stand as his bond as administrator with the will annexed. The county court had no power to give such direction without the formal written consent of the sureties, or a re-execution of the bond by them. Neither could it dispense with the security prescribed by statute, which would be the case were the order to be held regular without the ratification of the old, or the execution of the new bond with sufficient sureties.

3. The county court, sitting as a court of probate, may, at any time, in furtherance of justice, revoke an order which has been irregularly made or procured by fraud.

4. The special administrator, *Farwell,* continued to hold

the property and effects of the estate, and was responsible as such, notwithstanding his appointment as administrator with the will annexed.    His relations to the estate remained unchanged until the requisite statutory security was given, or expressly waived by the parties in interest.

Order affirmed.