Estate of O'Neill.

W. J. McElroy, for the respondent, cited Baker v. N. Y. N. E. Bank, 100 N. Y. 33; Ewart v. Bank of Monroe, 70 Hun, 90; Continental Nat. Bank v. Weems, 69 Tex. 489; San Diego Co. v. California Nat. Bank, 52 Fed. Rep. 59; Peak v. Ellicott, 30 Kan. 156; Independent Dist. of Boyer v. King, 80 Iowa, 497; In re Jamison, 3 Pa. Dist. Rep. 217.

ESTATE OF O'NEILL.

May 21 — June 20, 1895.

Estates of decedents: Setting aside judgment of distribution procured by fraud: Power of county court: Laches.

1. The county court has power, upon petition, to set aside a judgment of distribution which has been procured by fraud, if it does not thereby disturb rights which have become confirmed by limitation; and the fact that there may be a remedy by appeal, or by a direct action against the person guilty of the fraud, does not preclude the.exercise of such power.

2. A petition to set aside a judgment of distribution, made by sisters and heirs at law of the testator, elderly women residing in another state, alleging, among other things, that conveyances of all their interest in the estate, in accordance with which the judgment

Estate of O'Neill.

was made, had been obtained from them by false and fraudulent representations as to the size of the estate, the terms of the will, and their interest in the residue, made by the grantee, who had been reared as a member of the testator's family and whom they trusted,— is *held* sufficient, although the petitioners might by proper inquiries have learned the truth. The grantee in the conveyances will not be heard to complain that they believed her representations and omitted to verify them.

3. Such petition having been presented shortly after the petitioners learned the facts, about three years after the death of the testator, and less than one year after the entry of the judgment, was not too late.

4. In setting aside the judgment of distribution in such case it is not necessary to open or set aside the settlement of the estate.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an appeal from an order of the circuit court for Milwaukee county which reversed an order made by the county court of Milwaukee county in the above matter.

Edward O'Neill died testate at Milwaukee, March 28, 1890, leaving a large estate and no descendants. The will was admitted to probate, and the estate was administered and settled. On May 27, 1892, the county court made a final order or judgment assigning the residue of the estate to the persons appearing to be entitled thereto. The executors complied with the judgment, and turned over the residue of the estate to the persons entitled, and were discharged of office and from further liability as executors of the estate. There was a large residuary estate, amounting to upwards of $100,000. Eighty thousand dollars of this residuary estate was assigned by said judgment, and by the executors paid, to one *Mrs. Maria H. Keefe. Mrs. Keefe* had been reared in the house of Edward O'Neill, as one of his family, but was not of his blood, nor adopted by him. She had procured quitclaim deeds and releases of claims against his estate from several of his heirs, so that, apparently, she was entitled to the property assigned to her by the judgment.

On the 12th day of April, 1893, a petition was presented to, and filed in, the county court of Milwaukee county, asking that the judgment of distribution of the residue of the estate be vacated and set aside, and that *Mrs. Keefe* be required to pay back into court a portion of the estate received by her under the judgment, and that all proceedings of the county court, so far as necessary, be set aside, and a redistribution made, and that the final settlement of the estate and the order discharging the executors be vacated and set aside. This petition was made by *Judith Brennan* and *Mary Fogarty.* It states that the petitioners are sisters and heirs at law of Edward O'Neill, deceased; that they are, and for more than ten years last past have been, residents of the state of Minnesota. It recites the death of O'Neill, the probate of the will, and the administration of the estate; that after all legacies had been paid there remained a large residuary estate, amounting to over $100,000, which rightfully belonged to the heirs of Edward O'Neill. It then recites the judgment of settlement of the estate and distribution; that about the sum of $80,000 was adjudged to be paid, and was afterwards paid, to *Maria H. Keefe;* that *Mrs. Keefe* procured the said judgment in her favor to be made by presenting to the court certain quitclaim deeds and releases of their rights, title, and interest in the estate given by the petitioners to *Mrs. Keefe;* that such quitclaim deeds and releases were obtained from them by *Mrs. Keefe* by false and fraudulent representations made by *Mrs. Keefe,* her attorneys, agents, and servants; that she falsely represented to the petitioners that the estate was a small one, and that they had no interest in it (beyond $1,000 each, which was given to them by the will), and that all the residue of the estate had been given to *Mrs. Keefe* by the will, and that it was necessary, in order to carry out the last will and wish of their brother, that they sign certain documents then presented to them to sign; that the petitioners believed the

representations, and were deceived by them, and did sign the papers presented; that the petitioners are now informed that the papers were deeds which purport to convey all their right, title, and interest in the real estate which belonged to Edward O'Neill at the time of his death, and releases of all their right, title, and interest in and to the estate of the said Edward O'Neill, whether real or personal; that at the time when they executed these papers Judith Brennan was about eighty years old, in feeble health, and laboring under great mental distress on account of family bereavement, and was entirely ignorant of the nature of the business or her rights in the premises; that *Mary Fogarty* was sixty-seven years old, and entirely ignorant of her rights in the premises, uneducated, and easily persuaded; that the petitioners believed the representations, and that *Mrs. Keefe* was residuary legatee, and that it was necessary for them to sign the papers in order to carry out the last will and wish of their brother; that but recently before the presentment of the petition they had learned that the representations were false and that *Mrs. Keefe* was not the residuary legatee or heir of their brother and had no right or title in the residuary estate; that they took immediate steps to ascertain the facts in relation to the matter, and caused the petition to be presented; that they were ignorant of the situation of the estate and of their rights in it, and were altogether deceived by the representations made as stated, and that the representations were made by *Mrs. Keefe*, knowing them to be false; that she was not the residuary legatee and had no right in the residuary estate.

The county court dismissed the petition. The petitioners appealed to the circuit court. That court reversed the order of the county court, and remanded the cause with direction to deny the motion to dismiss or quash the petition, and for further proceedings according to law. From this order of the circuit court, *Mrs. Keefe* and the executors appealed.

For the appellants there was a brief by *Geo. E. Suther-*

*land*, *Rogers & Mann*, and *Peter Doyle*, and oral argument by *Mr. Sutherland* and *Mr. Doyle*. They contended, *inter alia*, that the ignorance of the petitioners of the contents of the will was "negligent ignorance," and their failure to take any steps to ascertain their rights, or to protect them, for more than three years after the will had been filed for probate was such a delay as to bring them within the rule of laches laid down in *Holden v. Meadows*, 31 Wis. 284; *Estate of Holden*, 37 id. 99, 105; *Rogers v. Van Nortwick*, 87 id. 414; *Thomas v. Thomas*, 88 id. 88, 97.

For the respondents there was a brief by *Markham & Nickerson*, *Thomas W. Spence*, and *C. D. & Thomas D. O'Brien*, and oral argument by *Mr. Spence* and *Mr. H. W. Nickerson*. They argued, among other things, that petitioners were not guilty of laches. *O'Dell v. Rogers*, 44 Wis. 136; *Sherry v. Smith*, 72 id. 339; *Grossbach v. Brown*, id. 458; *Beem v. Kimberly*, id. 343; *Stewart v. Stewart*, 83 id. 364. Where the delay on the part of the party seeking relief has been caused by the act of the party against whom relief is sought, the latter cannot plead the laches of the former as a bar to the proceeding, especially where the delay has been caused by fraud or concealment. *Loring v. Palmer*, 118 U. S. 321; *Wagner v. Baird*, 7 How. 254; *Badger v. Badger*, 2 Wall. 87; *Phalen v. Clark*, 19 Conn. 421; *Heirs of Smith v. Rix*, 9 Vt. 240. Where the suit is of such a nature that it falls within the provisions of a statutory limitation, laches that will bar the right to prosecute it, short of the time fixed by statute, must be of such a character and under such circumstances as to work an equitable estoppel. *Scherer v. Ingerman*, 110 Ind. 428; 12 Am. & Eng. Ency. of Law, 545; *Rogers v. Van Nortwick*, 87 Wis. 430. In the case at bar none of the elements of equitable estoppel are present.

NEWMAN, J. The county court has power, in furtherance of justice, upon petition, to set aside or revoke an order or judgment of distribution which has been procured by fraud.

*In re Fisher*, 15 Wis. 511, 521. The only limitation upon this power is that such revocation cannot disturb rights which have become confirmed by the statute of limitations. *Betts v. Shotton*, 27 Wis. 667; *Estate of Leavens*, 65 Wis. 440.

It is urged that the petitioners are pursuing the wrong remedy. That they should, instead, have moved the circuit court to allow an appeal from the judgment of distribution. Perhaps that proceeding would have given them the needed relief. But the mode of attack which they have chosen is equally direct, and is probably fully as efficient as the remedy by appeal would be. The remedy by appeal is not exclusive. The fact that a remedy by appeal was open to them does not preclude the county court to remedy the wrong done by its own order. *Estate of Leavens, supra.*

It is urged that a weak case for relief on account of fraud is made by the petition. That seems to depend, in large measure, upon the point of view. The allegations of fraud, while not so direct and single as might be desired, are yet neither weak nor vague. The petitioners were two old people, women, living in a foreign state, distant several hundred miles from the city where the estate was being settled. They believed and acted upon representations made to them on behalf of a person whom they trusted, who had borne the apparent relation of adopted daughter to their deceased brother. They were told that the estate was small; that all, except a few legacies, was given by the will to this adopted daughter; and that, to carry out the last wishes of their deceased brother, these conveyances were convenient. They might have learned the truth by proper inquiries at Milwaukee, or by consulting the records of the county court. They did neither. They believed and trusted the information given them. Although it can now be easily seen that such credence was imprudent, the law does not denounce it as negligence. They might, without risk of that imputation, give the credence and omit the inquiries. *Mrs. Keefe*

will not be heard to complain that they believed her representations or those of her representatives, and omitted to verify them by making inquiries or searching the records. The parties did not have equal means of knowledge. And while, undoubtedly, it would have been better if these objections could have been made in the county court before the judgment was given, they do not come too late if made at the first opportunity, and before the statute precludes them. ' It was not too late, when the motion was made, for the court to grant the relief. The motion was made within one year from the entry of the judgment.

But, it is urged, "if *Maria H. Keefe* perpetrated any fraud upon these petitioners, they have an adequate and ample remedy by direct suit against her; but what is the use of pursuing the circumlocution route through the probate court?" What use indeed! Suppose the petitioners had brought a direct suit, without pursuing this "circumlocution route," and *Mrs. Keefe* should have set up the defense that this question had been adjudicated, by a court of competent jurisdiction, in her favor. It is not obvious what reply could be made, nor how that defense could be met and obviated, for it has been held that such a judgment of the county court is binding upon the parties who have had notice. *Gillett v. Treganza*, 13 Wis. 472; *Appeal of Schæffner*, 41 Wis. 260; *Jones v. Roberts*, 84 Wis. 465, 471. And the judgment recites that due notice had been given. Evidently, it was a dictate of prudence to clear away this apparent obstruction, if possible, before bringing the direct suit suggested. That there may be a remedy by a direct suit is no objection to granting this motion. *Brook v. Chappell*, 34 Wis. 405.

So no reason is apparent to this court why the county court should not have entertained the petitioners' application to set aside the judgment and distribution. Nor is any reason perceived why it should be necessary to open or set

aside the settlement of the estate. No complaint is made of the action of the executors, or of the final settlement with them, but only of this judgment of distribution which was consequent upon it. If this shall be revoked or set aside, it will cease to be an obstruction in the way of the petitioners' having their cause heard and adjudicated.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded to the county court of Milwaukee county with direction to deny the motion of the executors and *Maria H. Keefe* to quash the amended and supplemental petition and citation theretofore issued, and for further proceedings according to law.