CLINE, Respondent, vs. WHITAKER, Appellant.

*December 7, 1910—January 10, 1911.*

*Injunctional order binding though erroneous: Jurisdiction: Issuance in legal action.*

1. However erroneous an injunctional order may be in the sense of wrong or inexcusable use of judicial power, it is binding on the person restrained and efficiently notified thereof till set aside in some proper proceeding.

2. The saying that an injunctional order is good till set aside, if the court making it had jurisdiction of the subject-matter, is to be understood, as to the word "jurisdiction," to refer to the existence or nonexistence of judicial power, and as to the word "subject-matter" to such subjects between the parties.

3. If, in a given situation, there is any valid ground upon which a temporary injunctional order might, under any circumstances, be properly issued, though none be stated in the complaint, and it would be highly erroneous, even jurisdictionally wrong in the sense of inexcusable use of judicial authority, to allow such an interference and such allowance nevertheless occurs, it is erroneous, not void, and cannot properly be defied.

4. As regards an injunctional order, "if the court's command is within its power to make under any circumstances upon any grounds and for any reasons whatever, the person enjoined is bound to obey till the order shall have been vacated."

5. A temporary injunctional order may be issued, under some circumstances, in a legal action.

[Syllabus by MARSHALL, J.]

'APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Plaintiff commenced an action to recover damages from defendant for, as charged, having maliciously injured his business by publishing and distributing circulars containing false and defamatory statements concerning it. Upon a complaint stating a cause of action for damages for the wrong alleged, and an affidavit to the effect that such wrong was continuous and was threatened to be seriously active pending the litigation, supported by an affidavit by one Johnson, the court granted a temporary injunctional order restraining defendant from continuing the alleged wrong. Subsequently to the service of the order on defendant, plaintiff informed the court, in due form, that the former had violated it, whereupon defendant was, in due form, requested to show cause, February 26, 1910, why he should not be punished for contempt. Before such order was heard the injunctional order was, on motion, set aside with costs.

The hearing in the contempt proceedings was, in due time, had, resulting in defendant being found guilty and adjudged to pay a fine of $25 and $8.18, costs and expenses, and to be committed till payment should be made. The appeal is to review such determination.

*W. B. Rubin* and *W. C. Zabel,* for the appellant.

*David E. Johnson,* for the respondent.

MARSHALL, J. Is a temporary order void, made by a circuit court incidental to an action therein for damages for publication and circulation, by the one restrained, of circulars, con-

taining libelous matter of and concerning plaintiff and his business, preventing continuation of the wrong pending the action? That is the vital question upon this appeal.

However erroneous the order in question may have been, or even if it were jurisdictionally bad, in the sense of inexcusable use of judicial authority, as distinguished from want of power under any circumstances to make the same, it was binding on appellant till set aside in some proper proceeding to that end. *State ex rel. Fowler v. Circuit Court,* 98 Wis. 143, 73 N. W. 788. Wilful disobedience of such an order, however improvidently issued, in the sense of an erroneous use or even abuse of power, is a criminal contempt. In the case cited, the court, in harmony with authority generally, said in effect: An injunctional order, within the power of the court, must be implicitly obeyed so long as it stands. It is not outside the power, if the court has jurisdiction of the subject-matter, as said in *State ex rel. Fowler v. Circuit Court, supra,* or perhaps more accurately said in *Davis v. Mayor, etc.* 1 Duer, 451, unless there is a want of jurisdiction.

In dealing with such a matter as this the distinction between total want of jurisdiction; absolute absence of power, and want of jurisdiction, in the sense the term is commonly used, characterizing judicial action which is so highly erroneous as to be without legal justification, yet not, as has been said, beyond competency to err,—must be kept in mind. The two phases of jurisdiction were discussed at considerable length in *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909, one being termed want of power and the other inexcusable departure from established principles;—a gross misuse of power. The former is a usurpation. The resulting judgment or order is totally void. The latter is mere error. The resulting judgment is valid, till avoided in proceedings to that end. Defiance of one is wrongful. Defiance of the other is not.

It is commonly said, in reference to this subject, that if the court does not have jurisdiction of the subject-matter in an action its order or judgment entered therein is void. The word "subject-matter" is liable to be as misleading as the word "jurisdiction." The latter is commonly used when want of power is not meant. The former is commonly used, merely to denote want of jurisdiction of the subject-matter of the action in the particular instance and in the particular way judicial power is invoked, and also as characterizing disability to judicially deal with such subjects between the parties under any circumstances. It is in the latter sense only that an order of the sort in question is a usurpation and may safely be disregarded.

It follows from the foregoing that, if it be true, as counsel for appellant claim, that a temporary restraining order in a legal action is improper, nevertheless if the court could, under any circumstances, deal with the subject between the parties by such an order, then the judicial act would not be void. But, it is not correct to say, there is no warrant for an interim restraining order in a legal action. Sec. 2773, Stats. (1898), specifies circumstances in such actions where such an order may be granted. Moreover, the complaint and the affidavits upon which the order in question was granted disclose a situation which might have been so presented for relief as to have rendered the act complained of proper. It was a legitimate subject for the court to deal with, though judicial power was not invoked in such a way as to warrant the action taken. That does not appear upon the face of the order, but does upon that of the complaint. So the order was plainly erroneous, perhaps jurisdictionally bad, in the sense of negligent inexcusable use or abuse of authority, but not a usurpatious act.

It should be understood that if in a given situation there is any valid ground upon which a temporary injunctional order might, under any circumstances, be issued, though none be

stated in the complaint and such an order is nevertheless allowed, it is not void. In case of the person restrained being so circumstanced as to be bound to submit if it is not void, he must, in the main, at least, look to the order only. If that is good on its face, in that it relates to a subject within the jurisdiction of the court, and otherwise appears regular, the duty to obey is plain. The person enjoined has no right to shape his course by merely what the complaint discloses. It may not state any cause of action and yet be subject to amendment in that regard. The complaint may not state facts warranting relief for which a temporary injunctional order is incidental, and yet such facts exist. The one enjoined cannot pass upon any of such questions and obey or defy the court according to his decision. As said, substantially, in the leading case of *Davis v. Mayor, etc., supra,* if the court's command is within its power to make under any circumstances upon any grounds and for any reason whatever, the person enjoined disobeys at his peril.

The result of the foregoing is that the circuit court did not usurp authority in this case. Therefore, the wilful violation of its order was a criminal contempt. *State ex rel. Rose v. Superior Court,* 105 Wis. 651, 668, 81 N. W. 1046; sec. 3477, Stats. (1898).

Some other questions are discussed by counsel and have been considered, but do not seem to have sufficient merit to warrant treating them in detail, or really in discussing them at all. They do not involve error affecting the substantial rights of appellant.

*By the Court.*—Judgment affirmed.