SEYFERT, Appellant, vs. SEYFERT, Respondent.

*February 8—March 4, 1930.*

224

For the appellant there was a brief by *H. O. Wolfe,* attorney, and *Lyman G. Wheeler,* of counsel, both of Milwaukee, and oral argument by *Mr. Wheeler.*

For the respondent there was a brief by *Schanen & Huiras* of Port Washington, attorneys, and *Walter D. Corrigan, Sr.,* of Milwaukee, of counsel, and oral argument by· *Mr. Corrigan.*

OWEN, J.   The appellant contends that he was improperly adjudged guilty of contempt, for the reason that the judgment with which it was declared he had failed to comply was effectually vacated and set aside by the order of De-

cember 3d. The respondent contends that the order of December 3d was null and void, as being beyond the power and jurisdiction of the court to make, because (1) the appeal to this court had removed the entire judgment and proceedings to this court, thereby superseding the jurisdiction of the circuit court over the judgment; (2) that the order of December 3d was made beyond the term at which both the original judgment of March 19th and the amended judgment of August 17th were rendered; and (3) because the order was made without the service of notice of motion or order to show cause on the divorce counsel or on the parties to the action.

It is a general rule that the service of a notice of appeal and undertaking upon the parties as required by the statute and the filing thereof with the clerk of the circuit court strips that court of all jurisdiction with reference to the case, except in certain unsubstantial and trivial matters, and transfers jurisdiction of the entire case to this court. *State ex rel. Zabel v. Municipal Court,* 179 Wis. 195, 190 N. W. 121, 191 N. W. 565, and cases there cited. It is also held that an appeal from a part of a judgment brings up the entire judgment. *David Adler & Sons Co. v. Maglio,* 198 Wis. 24, 223 N. W. 89. This holding is necessary in order to make effective that provision of sec. 274.12, Stats., according the respondent a right of review of the rulings of which he complains by serving upon the appellant a notice stating in what respect he asks for a review. Upon these authorities it is plain that the appeal from that portion of the judgment relating to a division of the estate brought before this court the entire judgment and divested the lower court of the jurisdiction it sought to exercise by the order of December 3d, unless the provisions of the divorce statutes except divorce judgments from this general rule.

The opinion in *David Adler & Sons Co. v. Maglio,* 198 Wis. 24, 223 N. W. 89, recognizes that the statute giving the right of appeal may reserve to the trial court certain

jurisdiction or authority over its judgment. Of course there is no reason why this authority or jurisdiction must be reserved by the statute giving the right of appeal. It may be reserved by any other statute as well as by the statute granting the right of appeal. Sec. 247.37, Stats., relating to the judgment for divorce, has this provision:

"So far as said judgment affects the status of the parties the court shall have power to vacate or modify the same for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within one year from the entry of such judgment, provided both parties are then living. But no such judgment shall be vacated or modified without the service of notice of motion, or order to show cause on the divorce counsel, and on the parties to the action, if they be found. If the judgment shall be vacated it shall restore the parties to the marital relation that existed before the entry of such judgment."

This declares a plain legislative purpose to permit the circuit court to have absolute control of its divorce judgment so far as it affects the status of the parties during the entire year succeeding the date of the judgment. If it be held that an appeal from that part of the judgment relating to alimony or division of the property of the husband brings the entire judgment before this court and deprives the trial court of jurisdiction, this provision of the statute would be nullified, as the appeal might vest jurisdiction in this court for a considerable portion of the year, during which time the legislature evidently intended that the trial court should have power to modify, amend, or vacate the judgment. The appeal statute should not be construed as depriving the trial court of a power which the legislature has so plainly conferred. We therefore hold that, notwithstanding an appeal from that part of a divorce judgment relating to alimony or division of property, the right is reserved to the trial court to vacate or modify the judgment so far as it affects the status of the parties. Whether such right is reserved to the trial court upon an appeal from the entire judgment we do not here

consider. It follows that, notwithstanding the appeal, the trial court had the power to enter the order of December 3d, vacating and setting aside its former judgment so far as it affected the status of the parties. Of course it follows that when the judgment was vacated, so far as it affected the status of the parties, it carried with it the remainder of the judgment relating to alimony or division of property, as the judgment for divorce must precede and constitute a foundation for a judgment of alimony or division of property.

It is conceded that the order of December 3d was entered in the absence of notice to or order to show cause on the divorce counsel or either of the parties to the action. That in the absence of such notice or order to show cause the order was irregular, must be conceded. It does not follow, however, that in the absence of such notice the court was without power to enter the order. The question is whether the court derives its power from the statute or whether such power as power depends upon the service of the notice. That the term "jurisdiction" has a double meaning has been fully elucidated by this court upon prior occasions. *Cline v. Whitaker,* 144 Wis. 439, 129 N. W. 400; *Harrigan v. Gilchrist,* 121 Wis. 127, at p. 223 *et seq.,* 99 N. W. 909. In one sense a lack of jurisdiction means a lack of judicial power to act at all in a given situation or with reference to a certain subject matter. To act under such circumstances is usurpation. It is also used to denote want of jurisdiction of the subject matter of the action in a particular instance where prescribed conditions precedent to the exercise of judicial power have not been complied with—where the power to deal with the subject generally exists, but where under the particular circumstances jurisdiction to act in the specific instance has not been acquired. In the latter case action is erroneous but not void.

We have no difficulty in concluding that the statute confers upon trial courts power to modify or vacate their divorce judgments, and when they act under this power their actions

are not void. However, if they act without giving the notice required by the statute, their acts are irregular and erroneous, which may be set aside upon appeal. While the power of the circuit court to act in this particular instance did not depend upon notice to the divorce counsel or the parties to the action, the regularity of its action did depend on such notice. The order of December 3d was erroneous but not void. It was in full force until vacated or set aside on appeal. The error or irregularity attending the order of December 3d was waived by both parties to the action by the most unambiguous acts. So far as the defendant is concerned, she waived it by treating the judgment as at an end by applying for an order requiring the defendant to pay her alimony and suit money during the pendency of the proceeding. So far as the plaintiff is concerned, he waived it by commencing a subsequent action for divorce in Milwaukee county. It also appears that the stipulation to dismiss the appeal was the result of the assumption on the part of both parties that the judgment had been vacated. Many other instances might be cited to indicate the full acquiescence on the part of both parties in the order of December 3d, but the foregoing are deemed sufficient and conclusive.

It is also clear that the court had no power on September 30, 1929, to vacate and set aside the order of December 3, 1928. The term at which the order of December 3d was made had expired, and the year during which the circuit court had control over the judgment had also expired. The attempt to set aside the order of December 3d by the order of September 30th was mere usurpation, without the semblance of power, and utterly void. The action is still pending and undetermined. It follows that the judgment for the disobedience of which the plaintiff was adjudged in contempt by the order of September 30th had no existence, and he was under no obligation to comply therewith, and the adjudication of his contempt is without any basis whatever.

*By the Court.*—The order appealed from is reversed.