ESTATE OF HATZL: STATE, Appellant, v. LIBRA, Respondent.*

*April 3—April 28, 1964.*

* Motion for rehearing denied, without costs, on June 30, 1964.

For the appellant the cause was argued by *Beatrice Lampert,* assistant attorney general, with whom on the briefs was *George Thompson,* attorney general.

For the respondent there was a brief by *Walstead, Anderson, Bylsma & Eisenberg* of Madison, and oral argument by *Clarence G. Bylsma.*

BEILFUSS, J. Two issues are presented on this appeal:

1. Does the county court, in a probate proceeding, lack jurisdiction to assign a portion of the estate to a deceased person?

2. Does the county court have power to amend its final judgment to correct a mistake?

1. *Jurisdiction to assign to a deceased person.* Respondent argues that the existence of an heir is a jurisdictional fact without which a probate court cannot render a final judgment assigning a share in an estate to such heir, on the authority of *Guardianship of Reeve* (1922), 176 Wis. 579, 186 N. W. 736. That case held that the existence of a ward was a jurisdictional fact without which guardianship proceedings could not be had. It was reasoned that an administration of an estate had on presumption of death is invalid when it is afterwards shown that the supposed decedent was actually alive at the time. Here the death and domicile of Marie Hatzl are the jurisdictional facts; they are not challenged. Marie Hatzl was domiciled in Dane county at the time of her death. The property administered in the probate proceedings had its situs in Dane county.

*Estate of Parsell* (1923), 190 Cal. 454, 213 Pac. 40, 25 A. L. R. 1561, is cited to us for the proposition that a judgment directing distribution to a deceased person is void. That case proceeded on the theory that a judgment rendered for or against a deceased person is void. While this is undoubtedly true as respects a judgment *in personam,* a judgment *in rem* or *quasi in rem* ought not be subject to the same rule. The main objective of probate proceeding is the orderly distribution of the property of deceased persons. The court of the domicile of the deceased has jurisdiction over the property within its territorial jurisdiction. The jurisdiction of the court in probate is *in rem*.[1] As such, the judgment binds all

---

[1] Restatement, Judgments, p. 128, sec. 32; *Estate of Evans* (1957), 274 Wis. 459, 471a, 80 N. W. (2d) 408, 81 N. W. (2d) 489.

persons having a property interest when statutory notice requirements have been complied with.

Sec. 269.46 (1), Stats.,[2] operates on these judgments so as to prevent any undue hardship.

In this case we are dealing once again with the wavering line between jurisdiction and error.

"In dealing with such a matter as this the distinction between total want of jurisdiction; absolute absence of power, and want of jurisdiction, in the sense the term is commonly used, characterizing judicial action which is so highly erroneous as to be without legal justification, yet not, as has been said, beyond competency to err,—must be kept in mind. The two phases of jurisdiction were discussed at considerable length in *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909, one being termed want of power and the other inexcusable departure from established principles;—a gross misuse of power. The former is a usurpation. The resulting judgment or order is totally void. The latter is mere error. The resulting judgment is valid, till avoided in proceedings to that end." *Cline v. Whitaker* (1911), 144 Wis. 439, 441, 129 N. W. 400.

We conclude that the county court did have jurisdiction to enter the final judgment of October 15, 1959, even though that judgment was erroneous.

2. *The county court's power to amend its final judgment.* The respondent does not allege fraud on the court, nor the grounds of sec. 269.46, Stats., mistake, inadvertence, surprise, nor excusable neglect as a basis for amending the judgment; therefore we do not consider them.

The respondent does contend that the judgment was based upon mistaken and erroneous information and that it should be amended to reflect the true situation.

Sec. 324.21, Stats., provides:

---

[2] "The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

"RECORDS, HOW AMENDED. Any county court may amend, correct and perfect its record of any matter transacted therein in such manner as may be necessary to make the same conform to the truth."

In *Estate of Cudahy* (1928), 196 Wis. 260, 264, 219 N. W. 203, we said:

"Manifestly this authorizes the correction of purely clerical mistakes. It authorizes the correction of records which do not speak the truth concerning the real action of the court. It does not authorize the court to reverse or set aside its orders or to vacate its judgments."

This construction of the statute was quoted in *Estate of Gunderson* (1947), 251 Wis. 41, 27 N. W. (2d) 896, and *Estate of Strange* (1958), 3 Wis. (2d) 104, 87 N. W. (2d) 859.

In *Hall v. Hall* (1898), 98 Wis. 193, 73 N. W. 1000, we held that a judgment rendered twelve years earlier could be amended under the statute to conform to its oral rendition. In *Estate of Ross* (1923), 181 Wis. 125, 135, 194 N. W. 151, we said regarding a judgment erroneously construing a will challenged twenty-three years after entry:

"After the judgment of which appellants had notice they had the right to apply to the county court to have it corrected if they chose to do so. The rule is very liberal in respect to such proceedings. Sec. 4046, Stats. [now sec. 324.21]; *Estate of Leavens,* 65 Wis. 440, 27 N. W. 324; *In re Fisher,* 15 Wis. 511; *Brook v. Chappell,* 34 Wis. 405."

We went on to hold that the right had been waived.

We shall not attempt to distinguish the indistinguishable. The cases are in irreconcilable conflict.

The statute presents only one facet of the problem. Although neither side has raised the point, we have decided to consider whether the probate court has inherent power to modify or revoke its previous orders at any time, subject to the statute of limitations, for mistake as well as fraud and judicial error.

A number of cases have repeated the holding of *In re Fisher* (1862), 15 Wis. 567 (*511), 578 (*521):

"3. The county court, sitting as a court of probate, may, at any time, in furtherance of justice, revoke an order which has been irregularly made or procured by fraud."

Many of the cases are collected and analyzed in *Estate of Bailey* (1931), 205 Wis. 648, 238 N. W. 845, and *Estate of Penney* (1937), 225 Wis. 455, 274 N. W. 247.

It appears that, with few exceptions, the broad language of the *Fisher Case* has been cited in cases of fraud or jurisdictional error.[3]

In *Estate of Bailey, supra,* we affirmed the action of the county court in vacating a former final judgment and rendering a new final judgment on the ground that the first judgment was entered by the court on a mistaken conception of the facts.[4] The case was distinguished from *Estate of Cudahy, supra,* on the ground that the latter involved an error of law. But see *Estate of Ross, supra.*

*Estate of Bailey, supra,* can be distinguished from the case before us on the ground that a minor was not represented by guardian *ad litem* in the proceedings in the *Bailey Case* and did not enjoy her constitutional right to her day in court. *Estate of Evans, supra.* Moreover, in the instant case no

---

[3] Cases holding fraud: *Estate of Leavens* (1886), 65 Wis. 440, 27 N. W. 324; *Estate of O'Neill* (1895), 90 Wis. 480, 63 N. W. 1042; *Parsons v. Balson* (1906), 129 Wis. 311, 109 N. W. 136; *Carlson v. MacCormick* (1922), 178 Wis. 408, 190 N. W. 108; *Estate of Batz* (1930), 202 Wis. 636, 233 N. W. 555. Cases holding jurisdictional error: *Israel v. Silsbee* (1883), 57 Wis. 222, 15 N. W. 144; *Guardianship of Reeve* (1922), 176 Wis. 579, 186 N. W. 736.

"The words *'irregularly made'* contained in the above quotation from *In re Fisher, supra,* undoubtedly refer to jurisdictional rather than nonjurisdictional error." *Estate of Eannelli* (1956), 274 Wis. 193, 201, 80 N. W. (2d) 240.

[4] When pertinent facts have not been brought to the court's attention, whether a judgment is based on mistake of fact or whether an imposition on the court amounting to fraud has been practiced is a close question. Compare *Will of Cosgrove* (1941), 236 Wis. 554, 295 N. W. 784.

facts were withheld from the county court when the determination of heirship was made. The determination was made pursuant to a proof of heirship based upon affidavits showing that "Johanna Hatzl has not been heard from for over 30 years" and "It is indicated . . . that Johanna Hatzl, if she be dead, may have left surviving a son, whose name and address is unknown." [5]

We hold that courts of probate jurisdiction have the same power over their judgments and orders that courts of equity and law have. Probate courts are among those subject to the provisions of sec. 269.46, Stats. *Estate of Callahan* (1947), 251 Wis. 247, 29 N. W. (2d) 352; *Estate of Baumgarten* (1961), 12 Wis. (2d) 212, 107 N. W. (2d) 169. In so holding we return to the doctrine of *Brunson v. Burnett* (1849), 2 Pin. (Wis.) 185. There it was argued that the probate court, being a creature of statute, had no authority over its judgments and orders beyond that given by statute. This argument was rejected and it was decided that the probate court had the same powers as a court of equity or law. The reason given was that such powers were required in order to promote the efficient administration of estates.

Since the respondent has not made a case for reopening the final judgment of October 15, 1959, under sec. 269.46 (1), Stats., and a fraud on the court, constructive or otherwise, has not been alleged or proved, the judgment must stand unless it is tainted with jurisdictional error. We find no jurisdictional error because of the mistake in assigning the property. Therefore the final judgment of October, 1959, could not be amended. The amended final judgment of October 1, 1963, must be reversed and vacated. However, on remand the petition should not be dismissed. The state's objection to the petition is in substance a general demurrer under sec. 263.07. The petition alleges facts which, if proved, will afford the basis of recovery under sec. 318.03 (4).

---

[5] Sec. 253.10 (8), Stats., was not applicable. No petition had been filed for an administration of Johanna Hatzl's Estate.

On remand proceedings should be conducted to determine whether the petitioner can establish his claim.

Our decision in *Estate of Smith* (1962), 16 Wis. (2d) 118, 113 N. W. (2d) 841, does not require a special administration in this case. In the *Smith Case,* one Wallace Smith had a remainder interest in a residuary trust under his uncle's will, contingent on his surviving his aunt. If Wallace Smith died leaving issue the issue would take his share under the will. In default of issue his share would go to his surviving brothers. The aunt died in 1939. Wallace Smith had disappeared in 1932. His share was held by the trustee pending a determination of his whereabouts. In 1954 the trust was terminated and Wallace Smith's legacy paid to the state treasurer. In those proceedings the county court determined that Wallace Smith was the owner of the legacy and the facts surrounding his disappearance were such that it could not find he was not still alive in 1954. We held that determination could not be collaterally attacked. We further stated that if Wallace Smith had died within the seven years during which he could have ·claimed his legacy under sec. 318.03 (4), Stats., an administration of his estate would be necessary because the claim would have been an asset of his estate. Sec. 253.10 (5). Here the claim could never have been an asset of Johanna Hatzl Libra's estate.

*By the Court.*—Judgment reversed; cause remanded for further proceedings consistent with the opinion.

WILKIE, J., took no part.

The following opinion was filed June 30, 1964:

PER CURIAM (*on motion for rehearing*). In our original opinion we held that the petition of respondent Libra alleges facts which, if proved, will afford the basis of recovery under sec. 318.03 (4), Stats. Therefore, we declared that on

remand proceedings should be conducted to determine whether Libra can establish his claims under that statute.

In his motion for rehearing the attorney general requests this court to take judicial notice of an order purported to have been entered January 17, 1963, dismissing the claim of Libra made pursuant to sec. 318.03 (4), Stats., from which no appeal to this court has been taken. Nothing was stated in our original opinion which would preclude the attorney general from asserting a defense of *res judicata* in the county court upon remand pursuant to our mandate. Therefore the proper forum to raise any issue of *res judicata* is in the county court on remand from this court, not, in this court by motion for rehearing.

The motion for rehearing is denied, without costs.