[Civ. No. 2759.  Second Appellate District, Division One.—January 23, 1919.]

MABEL A. NASON, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, etc., Respondent.

ESTATES OF DECEASED PERSONS—ORDER DISCHARGING ADMINISTRATRIX. An administratrix of the estate of a deceased person, whose final account had been settled, and who had delivered all the property of the deceased in accordance with the decree of distribution, was entitled under section 1697 of the Code of Civil Procedure to be discharged "from all liability to be incurred thereafter," where there was nothing in the record showing that an appeal had been taken or that any stay of proceedings under the decree of distribution had been obtained, or indicating that an administrator was necessary to represent the estate in some further proceedings connected therewith, although at the time the discharge was granted, the time to appeal from the decree of distribution had not expired.

ID.—MOTION TO VACATE DISCHARGE—MINUTES OF COURT.—In such case, where, after an order discharging the administratrix had been granted, and certain persons who had unsuccessfully claimed heirship in the estate served notice of a motion to vacate and set aside the decree of discharge, on the grounds "that the administratrix was not as yet entitled to her discharge, and that the condition of the estate was such that it required an administratrix," and stated in the notice that such motion would be made "upon the minutes of the court," the "minutes of the court" were entirely wanting in any facts from which the court could derive authority to set

aside the decree of discharge on the grounds stated in the notice of motion.

ID.—STATUTORY MODES OF REVIEW OF DECISIONS EXCLUSIVE.—The modes in which a decision may be reviewed are prescribed by statute, and, as a general rule, courts are not at liberty to substitute other modes in their place.

ID.—APPEAL — DECREE DISCHARGING ADMINISTRATRIX.—From a decree discharging an administratrix there is no appeal.

ID.—GROUNDS OF MOTION TO VACATE DISCHARGE.—Where the motion to vacate the discharge of an administrator was not made under the provisions of section 473 of the Code of Civil Procedure, an order vacating the discharge as having been inadvertently made, may not be affirmed as one authorized by that section.

ID.—IMPROVIDENCE OR INADVERTENCE—ERROR NOT INCLUDED.—That an order improvidently or inadvertently made may be vacated, does not mean that an order may be vacated because the court concludes after making it that it erred in matter of law or fact.

ID.—PRESUMPTIONS—INADVERTENCE TO BE SHOWN AFFIRMATIVELY.—Inadvertence in such case cannot be presumed; it must be shown affirmatively.

ID.—INADVERTENCE STATED AS GROUND IN ORDER.—A reviewing tribunal cannot from the mere assertion contained in an order vacating a decree of discharge, that such decree was inadvertently made, indulge in a presumption that the judge knew of some inadvertence which would justify the order, and this is more emphatically true when the claimed inadvertence was that of another judge.

ID.—ORDER MADE OUT OF COURT.—The case at bar does not fall within section 937 of the Code of Civil Procedure, authorizing a judge to vacate "an order made out of court, without notice to the adverse party." A decree of final discharge of an administratrix is not an order made out of court.

CERTIORARI — RIGHT OF REVIEW — JURISDICTION.—The objection that a court has acted in an unauthorized mode goes to the power of the court, and hence its action may be reviewed on *certiorari*.

PROCEEDING in Certiorari to review an order of the Superior Court vacating the discharge of an administratrix. J. C. Rives, Judge.   Order annulled.

The facts are stated in the opinion of the court.

George M. Harker, O'Melveny, Millikin & Tuller and Roy V. Reppy for Petitioner.

Schmidt & Riggins for Respondent.

CONREY, P. J.—*Certiorari.*   By this proceeding petitioner seeks to have annulled an order vacating an order discharging Mabel A. Nason as administratrix of the estate of Cornelius Walker, deceased.

As appears from the petition, after a contest over heirship between Edwin N. Walker and E. Earle Walker (hereafter referred to for convenience as the Walker twins), and Mabel A. Nason, which contest was decided in favor of Mrs. Nason, the court settled the final account of the administratrix, and rendered a decree of distribution, awarding all of the property of the estate to Mrs. Nason.   This decree was entered on the fifteenth day of May, 1916.   On May 25th, Mrs. Nason filed a receipt made by her as distributee to herself as administratrix, for all the property distributed, and thereupon she applied for and was granted an order of discharge as administratrix of the estate.

On the eighth day of June, 1916, the Walker twins applied to Judge Wilbur in open court by motion for an order vacating the order that had been made discharging Mrs. Nason as administratrix.   Notice that said motion would be made was served upon Mrs. Nason, the grounds of the motion being stated in said notice as follows: "That said administratrix was not and is not entitled as yet to final discharge, and that the condition of the estate is such that it requires an administratrix."

No supporting affidavit was served or filed, nor at the time said motion was presented was any testimony introduced; the notice stated that the motion would be made "upon the minutes of the court."   Judge Wilbur never ruled on the motion.

On March 27, 1918, pursuant to notice given, the Walker twins made a motion before Judge Rives to have the motion to vacate order of discharge restored to calendar for hearing and determination.   This motion was granted by Judge Rives, and the motion to vacate the order of discharge was given consideration by him and granted.   The order granting the motion describes the proceedings taken to restore to calendar the motion to vacate, and recites further that the motion was restored to calendar and was heard and argued by the attorneys for the interested parties, and that the court took the matter under submission and ordered affidavits filed, and that affidavits of Ruben F. Schmidt, George M. Harker, and A. M. Case were filed in response to said order.   Said affi-

davits dealt solely with the question whether or not Judge Wilbur had ruled upon said motion presented on June 8, 1916. The formal order vacating order of discharge contained a number of "findings," three of them dealing with the question of whether or not the motion to vacate was before the court and undetermined. The fourth finding was as follows: "That the condition of said estate on said 25th day of May, 1916, and ever since has been and now is in such a condition that it requires an administrator."

This "finding" responded to the ground urged by the Walker twins in their motion. The fifth and last fact found is outside of the issues involved in the motion, and is as follows: "That said discharge of said administratrix on said 25th day of May, 1916, was made inadvertently and *ex parte.*"

The "minutes of the court"—taking that phrase to mean the court files and records of administration—showed that the estate had been disposed of by a final decree of distribution which included a settlement of the final account of the administratrix; and that the administratrix had made delivery of the property of the estate in accordance with the decree. On that state of facts the court had made its order discharging the administratrix. This was in accordance with law and was in accordance with the regular and ordinary practice of the superior court in the conduct of its business in the administration of estates. Section 1697 of the Code of Civil Procedure provides that when an estate has been fully administered, and it is shown by the administrator that he has performed all of the acts lawfully required of him, "the court must make a judgment or decree discharging him from all liability to be incurred thereafter." It is true that at the time when the discharge was granted, the time within which an appeal from the decree of distribution might be taken had not yet expired. But there was nothing in the record showing that an appeal had been taken, or that any stay of proceedings under the decree of distribution had been obtained. Under those circumstances an administrator who delivers the property to the distributees is acting in the performance of his duty. That duty having been performed, he is not concerned with the fact that an appeal may thereafter be taken. In the absence of a present showing in the record of facts indicating that an administrator is necessary to represent the estate in some further proceedings connected therewith, he is

then entitled to his discharge. It follows that in the matter
of the Walker estate, the "minutes of the court" were entirely
wanting in any facts from which the court could derive au-
thority to set aside the decree of discharge on the grounds
stated in the notice of motion, to wit, that the administratrix
was not as yet entitled to discharge, and that the condition of
the estate was such that it required an administratrix. The
modes in which a decision may be reviewed are prescribed by
statute, and as a general rule the courts are not at liberty
to substitute other modes in their places. From a decree dis-
charging an administrator there is no appeal. (*Estate of
Smith*, 98 Cal. 636, [33 Pac. 744] ; Code Civ. Proc., sec. 963,
subd. 3.) The motion to set aside the decree of discharge was
not made for relief under the provisions of section 473 of the
Code of Civil Procedure, and the order may not be affirmed
as one authorized thereby. This brings us to the principal
contention upon which respondent relies, which is that, as
stated in the fifth "finding," the decree of discharge was in-
advertently made.

Where an order has been irregularly and improvidently made,
that fact takes the case out of the general rule above stated.
For example: If an order granting, or an order refusing, a
new trial, has been improvidently made before the motion has
been regularly submitted, it would be within the power of the
court, and would be its duty, to set aside the order. This is
based upon the fact that in such case the order was not made
in the regular exercise of the jurisdiction of the court. (*Odd
Fellows' Savings Bank* v. *Deuprey*, 66 Cal. 168, [4 Pac.
1173].) But, as stated by Mr. Justice Sloss in *Robson* v.
*Superior Court*, 171 Cal. 588, 597, [154 Pac. 8, 11] : "This does
not mean that an order may be vacated because the court con-
cludes, after making it, that it erred in matter of law or fact."
"Such a state of things, being of rare occurrence, is not pre-
sumed, but must be affirmatively shown. The objection that
the court has acted in an unauthorized mode goes to the power
of the court, and hence its action may be reviewed on
*certiorari*." (*Carpenter* v. *Superior Court*, 75 Cal. 596, [19
Pac. 174].)

In the case at bar, the fact that the decree of discharge was
inadvertently made was not presented as one of the grounds
of the motion to set aside that decree. No fact appeared in the
record from which inadvertence of the court may be inferred.

The order itself, now under review, while it states that the decree of discharge was made inadvertently and *ex parte,* does not indicate any particular in which the court had acted improvidently or inadvertently. Under such circumstances we cannot, from the mere assertion contained in the order, indulge in a presumption that the judge knew of some inadvertence which would justify the order. This would have been true if the judge who acted last had been the same judge who made the decree of discharge. It is even more emphatically true, when the claimed inadvertence was that of another judge.

No help for respondent's case can be obtained from section 937 of the Code of Civil Procedure, which authorizes a judge to vacate "an order made out of court, without notice to the adverse party." A decree of final discharge of an administrator is not "an order made out of court."

The order is annulled.

James, J., and Myers, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 24, 1919.

All the Justices, except Wilbur, J., who was absent, concurred.