[Civ. No. 3064. Second Appellate District, Division One.—July 19, 1919.]

## LIDA S. CRANE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] EXECUTORS AND ADMINISTRATORS — VACATION OF ORDER DISCHARGING ADMINISTRATRIX—LACK OF JURISDICTION.—Where the orders settling the final account of the administratrix of an estate, decreeing distribution of the estate, and discharging the administratrix are all duly and regularly made after due notice to all parties interested of the time fixed for the hearing of the application for the orders, the court is without jurisdiction to make an order vacating the order discharging the administratrix upon the mere request of attorneys who had originally represented the administratrix but who had not been compensated for the services rendered, no ground or reasons being assigned in support of the motion.

[2] ID.—INSUFFICIENCY OF EVIDENCE—POWER OF COURT TO VACATE ORDERS.—The fact that the court, after regularly acting upon evidence which at the time it deems sufficient, concludes that the proof made was not sufficient to justify the orders settling

the final account, decreeing distribution of the estate and discharging the administratrix, does not give the court authority to vacate such orders.

[3] ID. — FALSE REPRESENTATIONS OF ADMINISTRATRIX. — The fact that the original orders are based upon false representations or testimony of the administratrix, who furnishes the evidence upon which the court acts, constitutes no ground for vacating the orders so regularly made.

[4] ID.—WHEN ORDERS MAY BE VACATED.—Upon a proper showing, a court has power, under section 473 of the Code of Civil Procedure, to set aside and vacate orders settling a final account, decreeing distribution of the estate, and discharging the administratrix, where such orders are made through a party's mistake, inadvertence, surprise, or excusable neglect.

PROCEEDING in Certiorari to review the action of the Superior Court of Los Angeles County and James C. Rives, Judge thereof, in vacating orders made settling a final account, decreeing distribution of the estate, and discharging the administratrix. Orders annulled.

The facts are stated in the opinion of the court.

Thomas K. Case for Petitioner.

Robert L. Hubbard for Respondents.

SHAW, J.—By this application petitioner asks that upon a writ of *certiorari* we set aside and annul the action of the court in vacating orders made for the distribution of the estate of a deceased person and discharge of the administratrix.

The facts upon which the action of the court was based are as follows: The petitioner, Lida S. Crane, was administratrix of the estate of James E. Crane, deceased, and up to July 8, 1918, Robert L. Hubbard and N. B. Bachtell represented her as attorneys. On said date Thomas K. Case was, subject to the right of Hubbard and Bachtell to an

3. Collateral impeachability of findings as to jurisdictional facts on which administration of a decedent's estate is based, note, 18 L. R. A. 242.

Collateral attack on probate for fraud not affecting the jurisdiction, note, 36 L. R. A. (N. S.) 986.

4. Conclusiveness of probate as *res judicata*, note, 21 L. R. A. 680.

allowance of attorneys' fees for services rendered, substituted as attorney, and as such thereafter appeared for the administratrix.   On July 30, 1918, the administratrix filed her first and final account, accompanied by a petition for an order distributing the estate to herself as sole heir, the hearing of which, after due notice given, was had on August 13, 1918, at which time an order was made settling the account and the estate ordered distributed to petitioner.   On August 29, 1918, Hubbard and Bachtell filed with the clerk of the court an application to have their fees as attorneys for the administratrix fixed and allowed by the court.   Thereafter, and without any receipt having been filed showing the estate had been distributed, the court on August 31st made an order discharging the administratrix.   No hearing of the application to fix and allow the fees of Hubbard and Bachtell was had.   Thereafter, on October 21, 1918, the court, upon motion of Hubbard and Bachtell, entered an order vacating the order discharging the administratrix; and on February 3, 1919, Hubbard and Bachtell served upon the administratrix a notice of motion for orders vacating the orders approving the final account and decree of distribution.   Said motion was made on February 10, 1919, and the hearing continued from said date to February 20, 1919, at which time it was heard, and on May 6, 1919, the court made findings to the effect that said orders settling the final account and decreeing distribution of the estate were inadvertently made and under a misapprehension of the court that all claims against the estate had been paid, for which reason it was ordered that said orders and each of them be vacated, annulled and set aside.

[1]   It appears from the record presented that the orders settling the account, decreeing distribution of the estate, and discharging the administratrix were all duly and regularly made after due notice to all parties interested of the time fixed for the hearing of the application for the orders. The order vacating the order discharging the administratrix was in response to a motion therefor made by Hubbard and Bachtell; but the record is wholly silent as to the ground or reasons assigned in support of the motion, in the absence of which it appears that the court acted upon a mere request of these attorneys, who, appearing for respondents, now insist, upon the authority of *Wiggin* v. *Superior Court*, 63

Cal. 398, [9 Pac. 646], that the court in so doing acted within its jurisdiction. Conceding the language of this case as reported justifies the contention, we are not inclined to follow it as so interpreted, for the reason that it is inconsistent with the decision of a like question decided by this court in *Nason* v. *Superior Court*, 39 Cal. App. 448, [179 Pac. 454], in which an application for a transfer was denied by the supreme court on March 24, 1919.

As to the orders made vacating the order settling the account and distributing the estate, they were in response to a motion, based upon the files and records of the case, made on February 10, 1919, pursuant to notice theretofore served, the ground therefor, as stated in the notice, being that said orders were improvidently made in that the action of the court in approving the final account was procured by false representations made by the administratrix to the effect that all obligations of the estate had been fully discharged and that at said time a motion was pending in said court to have it fix and determine the fees of said Hubbard and Bachtell. The application was made and heard within six months from the making of the orders, and, therefore, was within the time fixed therefor by section 473 of the Code of Civil Procedure. The record shows that the order settling the final account and distributing the estate was made on August 13th, and, likewise, shows that the application to have the court fix attorneys' fees was not filed with the clerk until the 29th of August. Hence, there is no foundation for the contention that at the time of the making of the order a motion was pending to have the court fix attorneys' fees. Nor is there any affidavit or showing that the orders were inadvertently made, so as to bring the case within the provisions of said section 473. That a court may in a proper case and upon a proper showing, acting under the provisions of this section, afford relief to a party, provided the application therefor be made within six months from the action complained of, we have no doubt. But there must be some showing of mistake, inadvertence, surprise, or fraud. (*De Pedrorena* v. *Superior Court*, 80 Cal. 144, [22 Pac. 71].) In the Nason case this court said: "In the case at bar, the fact that the decree of discharge was inadvertently made was not presented as one of the grounds of the motion to set aside that decree. No fact

appeared in the record from which inadvertence of the court may be inferred. The order itself, now under review, while it states that the decree of discharge was made inadvertently and *ex parte,* does not indicate any particular in which the court had acted improvidently or inadvertently. Under such circumstances we cannot, from the mere assertion contained in the order, indulge in the presumption that the judge knew of some inadvertence which would justify the order.'' Since the court makes a like finding, the language is applicable to the vacating orders made in this case. There is no showing whatsoever of any facts which would constitute inadvertence. [2] All that is made to appear is that, after regularly acting upon evidence adduced which the court at the time deemed sufficient, it afterward concluded the proof made was insufficient and thereupon vacated the orders. The law does not authorize such action. (*Robson* v. *Superior Court,* 171 Cal. 588, [154 Pac. 8].) [3] There were no extrinsic matters which affected the decision of the court in making the original orders, and the fact that they were based upon false representations or testimony of the administratrix, who furnished the evidence upon which the court acted, constituted no ground for vacating the orders so regularly made. (*Pico* v. *Cohn,* 91 Cal. 129, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537].)

[4] We may repeat that we adhere to what was said in the opinion in the Nason case, the language of which we deem determinative of this, viz., that the court had no power to set aside and vacate the orders, save and except under the provisions of section 473 of the Code of Civil Procedure, authorizing relief from orders made through a party's mistake, inadvertence, surprise, or excusable neglect, as to which there is no showing.

The orders made vacating and setting aside the orders settling the final account, decreeing distribution, and discharging the administratrix are annulled.

Conrey, P. J., and James, J., concurred.