[L. A. No. 7315. In Bank.—February 21, 1923.]

In the Matter of the Estate of JULIUS M. PARSELL, Deceased.

[1] ESTATES OF DECEASED PERSONS—DECREE OF DISTRIBUTION—DISTRIBUTION TO DEAD PERSON—INVALIDITY OF.—A decree of distribution in the estate of a deceased person is in the nature of a judgment and where it distributes property of the estate to a deceased person it is absolutely void.

[2] ID.—DISTRIBUTION—JURISDICTION—NOTICE.—The law provides the method of acquiring jurisdiction of all claimants of the estate of a deceased person upon distribution and in the absence of the prescribed notice distribution cannot be made.

[3] ID.—DISTRIBUTION TO DEAD PERSON—ATTEMPTED MODIFICATION OF DECREE — LACK OF JURISDICTION. — Where distribution of part of the estate of a deceased person has been made to one who it was afterward discovered was dead at the time of the decree, the court has no jurisdiction upon application of the executor of the estate, for a modification of the decree, on the hearing of which application the attorneys for the executor and the attorneys for the residuary legatees of the deceased distributee only appeared, to modify the decree by distributing the property to the residuary legatees of the decedent in the first estate, as the original decree was void and the court had jurisdiction to make a new distribution only after proper petition for distribution and notice.

APPEAL from an order of the Superior Court of Los Angeles County modifying a decree of distribution. James C. Rives, Judge. Reversed.

The facts are stated in the opinion of the court.

Clock, McWhinney & Clock for Appellants.

WILBUR, C. J.—This is an appeal from an order modifying a decree of distribution. The application for the modification of the decree was made by the executor of the estate upon the ground of its mistake and inadvertence. By the decree of distribution a small portion of the estate, the sum of $1,389.35, was distributed to Josephine Sleight Marsh. The decree was dated February 23, 1921, and entered March 1, 1921. In April, 1921, it was discovered that Josephine Sleight Marsh had died on the first day of June, 1920. An affidavit was made by the attorney for the executor, sworn

to on August 19, 1921, stating that the executor was ignorant of the fact of death of Josephine Sleight Marsh at the time of the application for distribution and did not become aware thereof until April, 1921. This affidavit and a motion of the same date to amend the decree were filed with the county clerk August 23, 1921. The motion was brought on for hearing October 4, 1921, and an order was made and filed November 23, 1921, amending the decree of distribution by ordering the distribution of the amount theretofore distributed to Josephine Sleight Marsh to be distributed to the numerous residuary legatees under the will of the decedent, Julius M. Parsell. This order recites that the matter came on regularly for hearing on the fourth day of October, 1921, and that at that time Messrs. Daly and Daly appeared as attorneys for the executor of the estate of Julius M. Parsell and that Messrs. Clock, McWhinney & Clock appeared on behalf of Hester and Bessie L. Marsh, *residuary legatees under the last will and testament of Josephine Sleight Marsh, deceased.* The notice of appeal from this order was signed by Messrs. Clock, McWhinney & Clock, as attorneys for Hester and Bessie L. Marsh, *"residuary legatees and executrices under the last will and testament of Josephine Sleight Marsh, deceased."* A transcript of the record prepared under the provisions of section 953a, of the Code of Civil Procedure has been filed in this court and a brief of the appellants, but no reply brief has been filed. The substantial question presented by the record and the one passed upon by the trial court is the question of whether or not the residuary legatees of Josephine Sleight Marsh succeeded to her rights or whether, as the trial court concluded, the property under the terms of the will of the decedent passed to his residuary legatees. At the threshold of this inquiry we are met by the appellants' contention that the court was without jurisdiction to amend or modify the decree for the reason that the application was not made to the court within six months of the date of the entry of the decree of distribution. But even if we assume that the application was made within six months the record presents a more serious question which we are reluctant to discuss in the absence of anyone representing the respondents or any argument on behalf of the appellants thereon. [1] The question is this: What was the

effect of that portion of the decree distributing $1,389.35 to a deceased person? If that portion of the decree of distribution is absolutely void, then, instead of an inadvertent distribution, we have a total failure to distribute that portion of the estate. It seems clear that the decree distributing a portion of the estate to a deceased person is absolutely void. The decree of distribution is in the nature of a judgment. (*Benning* v. *Superior Court,* 34 Cal. App. 296 [167 Pac. 291]; *Nason* v. *Superior Court,* 39 Cal. App. 448 [179 Pac. 454]; *Crane* v. *Superior Court,* 42 Cal. App. 285 [183 Pac. 606]; Code Civ. Proc., sec. 1666; *Wm. Hill Co.* v. *Lawler,* 116 Cal. 359, 362 [48 Pac. 323]; *Crew* v. *Pratt,* 119 Cal. 139 [51 Pac. 38]; *Goad* v. *Montgomery,* 119 Cal. 552, 558 [63 Am. St. Rep. 145, 51 Pac. 681]; *Cunha* v. *Hughes,* 122 Cal. 111, 113 [68 Am. St. Rep. 27, 54 Pac. 535]; *McKenzie* v. *Budd,* 125 Cal. 600 [58 Pac. 199]; *Mulcahey* v. *Dow,* 131 Cal. 73 [63 Pac. 158]; *More* v. *More,* 133 Cal. 489, 495 [65 Pac. 1044, 66 Pac. 76]; *Estate of Schmierer,* 168 Cal. 747 [145 Pac. 99].) A judgment rendered for or against a dead person is void (*De Leonis* v. *Walsh,* 140 Cal. 175, 178 [73 Pac. 813]) with certain exceptions (sec. 669, Code Civ. Proc.; *Fox* v. *Hale & Norcross S. M. Co.,* 108 Cal. 478 [41 Pac. 328]; *Estate of Page,* 50 Cal. 40) not applicable to the facts of this case. If that portion of the decree in favor of the deceased legatee was absolutely void because the legatee was dead at the time of the proceedings for distribution it could not be corrected after the notice here given, under section 473 of the Code of Civil Procedure, as is well illustrated in the case at bar. Here the executor, who has no interest in the manner in which the estate is distributed and no right to participate in controversies between the heirs as to distribution (*Estate of Parsons,* 65 Cal. 240 [3 Pac. 817]; *Estate of Jessup,* 80 Cal. 625 [22 Pac. 260]; *Estate of Healy,* 137 Cal. 474, 477 [70 Pac. 455]; *McCabe* v. *Healy,* 138 Cal. 81, 89 [70 Pac. 1008]; *Estate of Hite,* 155 Cal. 448, 456 [101 Pac. 448]; *Estate of Friedman,* 176 Cal. 226, 228 [168 Pac. 21]; Id., 178 Cal. 27 [172 Pac. 140]), applied to the court, not for distribution of this portion of the estate and upon proper petition and notice, but for correction of the order of distribution based upon its own mistake in assuming that the legatee was living when application was made by it for the

original decree of distribution. The record does not show upon whom notice of the application to amend the decree was served nor is a copy of the notice contained in the record, and aside from the recitals in the order amending the decree there is no evidence that any notice whatever was given. The conflicting rights resulting from the death of the distributee, Josephine Sleight Marsh, were those of her heirs, legatees, administrators, or executors, as the case might be, on the one hand, and, on the other hand, the numerous residuary legatees who would participate in the fund if, under the terms of the will, the property distributed to Josephine Sleight Marsh should be distributed to them in the event of her death instead of to the latter's representatives or successors. The order made by the court shows that the only persons represented at the hearing were the residuary legatees of Josephine Sleight Marsh, who, in the notice of appeal, were also assumed to be executrices of her last will and testament; and the executor of the estate of the decedent, Julius M. Parsell. As the latter had no interest in the controversy and no right to represent either set of claimants, in that court or in this (*Estate of Marrey,* 65 Cal. 287 [3 Pac. 896]; *Estate of Friedman, supra*), it is, therefore, obvious that the real parties in interest were not represented at the hearing of the motion. [2] The law provides the method of acquiring jurisdiction of all claimants of an estate upon distribution and in the absence of such notice distribution cannot be made. [3] We conclude, then, that the court was without jurisdiction to make the order from which the appeal is taken, not because the application was made more than six months after the decree, but because the court had jurisdiction to make this new distribution only after proper petition for distribution and notice.

In view of this conclusion we feel that it would be improper to discuss or attempt to determine the rights of the parties under the will for the reason that these parties are not before us.

Judgment reversed.

Lennon, J., Waste, J., Myers, J., Seawell, J., Kerrigan, J., and Lawlor, J., concurred.