STATE OF DELAWARE, for the use of Mary R. Price's Executrix, v. MAYNARD S. ALEXANDER and THE INDEMNITY INSURANCE COMPANY OF NORTH AMERICA.

(*October* 15, 1946.)

SPEAKMAN, J., sitting.

*Walter J. Willis* and *Lester Levy* for use plaintiff.

*William H. Foulk* and *Herbert L. Cobin* for defendants.

Superior Court for New Castle County, No. 237, September Term, 1945.

SPEAKMAN, Judge:

The gist of the special pleas, to which the demurrer was filed, is that the defendant, Maynard S. Alexander, as administrator of the Ainscow estate, was released and discharged of any claim against him, which Mary R. Price had in her lifetime, or which her executrix might or could have after her decease, because Mary R. Price, in her lifetime, assigned all her right and interest in the personal estate of the decedent, to Ivan Culbertson, for the benefit of Maynard S. Alexander, as administrator, and for the benefit of those entitled to the estate. For the purpose of determining the legal sufficiency of the pleas it is not necessary to look beyond the language of the statute (Chap. 143, Vol. 42) which

confers jurisdiction upon the Orphans' Court to enter decrees of distribution in decedent's estate.

By the Act it is provided "that the jurisdiction of the Orphans' Court shall extend to and embrace the distribution of the assets and surplusage of the estates of decedents among the persons entitled thereto," and that "An executor or administrator or any person claiming to have an interest in the estate to be distributed may, at any time after any account has been filed by an executor or administrator, apply to the Orphans' Court in the county in which letters testamentary or of administration were granted upon the estate to be distributed, by a written petition filed in said court * * *, for a decree of distribution of the estate among the persons entitled thereto," which "shall contain the names of all persons known to the petitioner who claim or may claim an interest in the estate to be distributed." Upon the filing of a petition for distribution, the law requires that it be set down for a hearing by the Court and that notice of the time and place of the hearing be given not only to such persons named in the petition who claim, or may claim, an interest in the estate to be distributed, but also to such persons of whom the Court otherwise has knowledge, and to the personal representatives of the decedent, if he is not the petitioner. The form of the notice to be given is set out at length in the law. In the language of the law it is addressed "To all persons claiming to have an interest in the distribution of the estate of.........., deceased, including persons claiming to be heirs, legatees, beneficiaries or other distributees of said estate." In the form, those to whom the notice is addressed are notified of the application, and are further notified in the language of the notice, as set out in the law, "that if you desire to make any claim to an interest in the distribution of the said estate, or to all or any part of the distributable amount of said estate, you must appear

before the said Court at the time and place aforesaid and present such claim together with any evidence you desire to present to sustain such claim. Your failure to appear and present your evidence at the time and place aforesaid will be at your peril." The notice to the persons named in the petition and those of whom the Court otherwise has knowledge is by personal service of the notice upon those residing in this State, and by sending a copy thereof by registered mail to the non-residents. In addition, the law requires public notice of the time and place of the hearing to be given by the posting of the notice in the Court House of the County at least thirty days before the date of the hearing, and by publication thereof in a newspaper published in the County, at least once a week for at least four weeks before the date of the hearing.

The law also provides that at the hearing the Court "shall take and receive any and all pertinent evidence that may be offered by the petitioner or by the personal representative of the decedent or by any person appearing and claiming to have an interest in the estate to be distributed." And that "every decree of distribution made by the Orphans' Court * * * shall be a final decree," with a right of appeal to the Superior Court, at any time within two months after the entry of the decree by "the personal representative of the decedent of any person claiming to have an interest in the estate thereby decreed to be distributed," that after the expiration of the two months period, the decree of distribution, with respect to all matters contained therein, if no appeal shall have been taken therefrom, "shall become and be conclusive and binding upon the executor or administrator of the estate of the decedent, and upon every person claiming to have an interest in the estate thereby distributed," and that if an appeal is taken from such decree, the decree entered by the Superior Court "on such appeal shall

likewise be conclusive and binding upon such executor or administrator and every such person so claiming as aforesaid, from the date of the making and entry of such decree or judgment by such Superior Court, and no further appeal may be taken from such decree or judgment of such Superior Court."

■■ It is clear from the provisions of the law that the Orphans' Court is clothed with the authority upon the application of any person claiming to have an interest in an estate to be distributed to apply by written petition to the Court for a decree of distribution of the estate *among the persons entitled thereto.* The proceeding is in *rem* and upon the filing of the petition the Court acquires jurisdiction over the res for the purpose of making distribution. In the proceeding no relief is sought against any person as defendant. The statutory notice is given for the purpose of bringing before the Court claimants, that is all persons who claim to have an interest in the fund for distribution. The notice is not directed to such persons by their christian and surnames. It is directed *"to all persons claiming to have an interest in the distribution of the estate  *  *  * including persons claiming to be heirs, legatees, beneficiaries or other distributees of said estate,"* and in this I would include assignees of next of kin.

The statutory notice, when given, is given to the world and is binding upon all persons claiming to have an interest in the distributable amount of the estate. At the time and place fixed in the notice, it is the right of all persons claiming to have an interest in the estate to be distributed to be heard in support of their claims and in opposition to the claims of others. After the hearing of all pertinent evidence, the decree of distribution entered in the proceeding, when it becomes final, is in the language of the statute *conclusive and binding upon the personal representative of the*

*estate of the decedent, and upon any person claiming to have an interest in the estate distributed.*

The petition for a decree of distribution in the case under consideration was filed in the Orphans' Court on March 15, 1943, and the alleged assignment was dated the 23d of that month. The statutory notice of the time and place of hearing the application for a decree, included a posting of the notice in the Court House of the County at least thirty days before the date of the hearing, consequently the date of the hearing was not earlier than the middle of April of 1943, which was more than three weeks after the date of the assignment. As the assignment was taken pending the proceedings, this alone would be sufficient to make it incumbent upon all persons claiming, by reason of the assignment, to have an interest in the distribution of the estate if they desired to make claims, to appear before the Court at the time and place of the hearing and to present their claims and any evidence they desired to sustain such claims. If they did not do so no one is now in a position to complain on their behalf. The final decree entered by the Orphans' Court pursuant to the order of the Superior Court was a judicial determination of the rights of all parties who either claimed or were entitled to claim a right to participate in the distributable amount of the Ainscow estate, whether appearing at the hearing and submitting their evidence, or not appearing, and is binding upon them as well as upon the administrator of the estate. The defendants, by their special pleas ignore the legal effect of the final decree. They allege that the sum decreed to Mary Price is not payable to her personal representative, but that her interest in the personal estate of the decedent was assigned to Ivan Culbertson, and, as alleged in the third plea "for and on behalf of the said Maynard S. Alexander, administrator, and for the benefit of the estate of Allen H. Ainscow, deceased, and those legally entitled

thereto," and as alleged in the fourth plea "for the benefit of the estate," and as alleged in the fifth plea "for the benefit of Maynard S. Alxander, administrator * * * and for the benefit of those legally entitled thereto."

In support of their position, they direct attention to the fact that it appears in the pleading that the assignment was taken pending the proceedings in the Orphans' Court, and say that a chose in action may be released or assigned and it will carry the benefits of any judgment recovered, and for this they cite *Industrial Trust Co. v. Stidham,* 3 *Terry* (*Del.*) 339, 33 *A.* 2d 159. In that case the rights of the parties were determined in accordance with the principles followed by courts in common law proceedings. In the case before me the legal effect of the decree of distribution entered by the Orphans' Court is definitely fixed by the statute. By the specific provisions of the statute every person who desired to make any claim to an interest in the fund for distribution was bound by the statutory notice, and the failure of any such person to appear and present his evidence was at his peril. The law contemplates a hearing in a single proceeding where the rights of all claimants to any distributable amount shall be determined and definitely fixed by a single decree.

What was said in *Sayre's Adm'r v. Sayre,* 16 *N. J. Eq.* 505, is equally true under our law. There the Ordinary said

"Nor can a separate decree be made at the instance of each of the claimants. The statute clearly contemplates but one decree. By one decree only, can the administrator be effectually protected. The decrees, if several, may vary in amount. It may appear upon the first application, that there are but two claimants, and the applicant may receive half of the estate, when it may subsequently prove that there were, in truth, three or more. Making separate decrees must lead to endless difficulty."

In the present case there was a distributable amount of $29,878.60, of which $5,975.72 was decreed to Mary Price. From this it is apparent the Court found that the amount for distribution consisted of five primary shares of $5,975.72 each. The allegations in the special pleas are to the effect that the amounts decreed to the next of kin of the decedent are incorrect, in that the share of Mary Price was acquired for the benefit of the other next of kin of the decedent. Their shares in the amount for distribution cannot be increased by twenty percent in this manner. The final decree must stand as entered, unless the Court lacked the jurisdiction to enter it. This requires consideration of the question raised by the Court as to the validity of the decree because of the death of Mary R. Price.

By reason of the amended count, the facts in the present case can be distinguished from those in *Re Estate of Parsell,* 190 *Cal.* 454, 213 *P.* 40, 25 *A. L. R.* 1561. There a sum was decreed to a person who had died prior to the application for a decree of distribution, while here Mary R. Price was living at the time of the commencement of the proceeding in the Orphans' Court. But even if the pertinent facts in the two cases were identical, I would be unable to apply the rule adopted by the California Court to the case before me, because of the provisions of our statute. In the Parsell case, the Court treated the proceedings as in personam and followed well recognized authorities to the effect that a judgment entered in favor of a deceased person is void. Under our law the proceedings are in rem. The fact that Mary R. Price was not living at the time of the entry of the final decree, and that steps were not taken to make her personal representative a party to the proceeding prior to the entry of the decree, should not be permitted to destroy, in whole or in part, the beneficial effect of the decree, and I do not believe that it does. In *Exton, Admr'r v. Zule,* 14

*N. J. Eq.* 501, which was an appeal by the administrator of an estate from a decree of distribution made by an Orphans' Court, the following is the language of the Court:

"It must be borne in mind that, though the decree of distribution is a judicial determination of the rights of parties, the proceeding to obtain it is not the nature of a suit between party and party, in which one seeks to recover a right withheld by the other. There is no *actor et rens,* plaintiff and defendant in the proceeding. *It is analogous in its character to a proceeding in admiralty or other proceeding in rem, in which a decision between the parties settles the rights of all parties to the property in question."* (Italics supplied). See also to the same effect, *Loring Adm'r v. Steineman,* 1 *Metc. (Mass.)* 204, 205.

If it can be truly said that a proceeding for a decree of distribution of a decedent's estate is analogous to a proceeding in admiralty, and I think that it can, then what was said by the Justices of the Supreme Court of the United States in the case of *Penhallow et al. v. Doane's Adm'rs,* 3 *Dall.* 54, *Fed. Cas.* No. 10,925, 1 *L. Ed.* 507, is directly in point. The proceedings were commenced on November 11, 1777, by the filing of a libel in the Maritime Court of New Hampshire on behalf of the owners of the M'Clary, against the Susanna and her cargo, to which claims were put in by Elisha Doane, and others. The case, after passing through various courts, eventually reached the Circuit Court of the United States where, on October 24, 1794, a decree was entered in favor of Elisha Doane and others for the sum of $38,518.69. The cause was removed to the Supreme Court for revision. Several causes of error were assigned, including the following:

"Secondly. That there is also manifest Error in this, viz. That if the said last mentioned [Circuit] Court had at the time of their passing said decree, Appellate jurisdiction

of said cause, yet said decree was altogether erroneous and impossible to be performed or executed, because, (as by the said Greenough's and others own showing, in their libel aforesaid) the said Elisha Doane was, at the time of making and passing said decree, viz. on the seventeenth day of September, Anno Domini 1783, and long before that time, dead; when, by the said decree, it was ordered that restoration of said property be made to said Elisha Doane."

Several of the Justices wrote concurring opinions, in which several cogent reasons were given why the validity of the decree could not be questioned. Mr. Justice Patterson advanced one reason which is particularly pertinent to the question before me. He said, 3 *Dall.* at page 86, *Fed. Cas.* No. 10,925, 1 *L. Ed.* 507,

"Having discussed the preliminary questions relative to jurisdiction, we shall now consider the proceedings in the Circuit Court of New Hampshire. And here the first question is, whether by the death of Elisha Doane, before the judgment rendered in the court of appeals, that judgment is not avoided? * * * On this subject, it will be sufficient to observe, that admitting the death of Doane, and that it can be taken notice of in this court, it is unavailing, because the proceedings in a court of admiralty are in rem. The sentence of a court of admiralty, or of appeal in questions of prize, binds all the world, as to everything contained in it, because all the world are parties to it. The sentence so far as it goes, is conclusive to all persons."

In the Penhallow case, the validity of the decree was before the Supreme Court of the United States on appeal, and the respondents failed in their direct attack on the decree. Surely if such a decree is immune against direct attack, its validity would be beyond question in a collateral proceeding. What was said in the Penhallow case in upholding the decree

of the Circuit Court is directly applicable to the case before me, and will be followed. I am therefore of the opinion that the death of Mary R. Price subsequent to the institution of the proceeding for distribution, and prior to the entry of the final decree, does not invalidate the decree in whole or in part.

For the reasons above stated, the demurrer to the third, fourth and fifth pleas will be sustained.