[Civ. No. 20607.   Second Dist., Div. Three.   May 17, 1955.]

HELEN MARGARET ORCHARD, as Executrix, etc., Respondent, v. C. E. PANCOAST, Appellant.

Philip N. Gepner for Appellant.

Draper, Porter & Kramer for Respondent.

SHINN, P. J.—Horace J. Orchard, now deceased, as contractor, entered into an agreement to construct a residential building for C. E. Pancoast for the sum of $41,174. The parties fell into disagreement; the building was not completed; the claim of Orchard for money due for partial performance was submitted to arbitration pursuant to the contract; arbitration was duly had and an award was made against Pancoast and in favor of Helen Margaret Orchard, as executrix of the estate of Horace J. Orchard, in the amount of $11,988.14, the arbitration cost of $450 to be equally divided between the parties. Proceedings were had in court upon the application of the executrix to confirm the award, the opposition of Pancoast and his application for annulment of the award. The award was confirmed. Thereafter, Pancoast gave notice of intention to move for a rehearing and notice of intention to move the court to set aside the order confirming the award and permit him to offer further evidence. The ground of the motions was alleged mistake and inadvertence in failing to prove at the trial certain records of the Contractors' State License Board. The motions were made pur-

suant to notice and were denied. Pancoast gave notice of appeal from the judgment confirming the award and from the order denying his subsequent motions.

The ground of the appeals is that the order should have been vacated in order that Pancoast might present evidence that at the time the contract was entered into and at all times during performance thereof, Orchard was in partnership or was a joint adventurer with one Barr for the construction of the building, the subject of the contract, and that although Orchard and Barr each held a contractor's license as an individual they held no license as copartners or joint adventurers as required by section 7029 of the Business and Professions Code. In an answer to the application for confirmation of the award Pancoast alleged that Barr and Orchard were acting as copartners or joint adventurers in the construction of his building and that they had been found guilty of a violation of section 7029 by the Registrar of Contractors of the Contractors' State License Board by a decision under date of March 19, 1953. This contention was not made before the arbitrators. At the hearing on the application to confirm the award no evidence was introduced in support of the allegation that Orchard and Barr were copartners or joint adventurers. Upon the motion of Pancoast for a rehearing Pancoast filed the affidavit of one E. R. Adams which set forth what purported to be a copy of the findings of the hearing officer in proceeding before the registrar which were dated February 23, 1953, and a copy of the decision of the registrar adopting the findings and a proposed decision of the hearing officer which recommended the suspension of Orchard's license for 30 days and of Barr's license for 15 days, but provided that the suspension should not apply to any construction project or operation already actually started by Orchard or Barr. This copy, and a later copy of the same, certified by the registrar constituted the only evidence respecting the alleged failure of Orchard to comply with the law which was before the court at any time, and, as we have stated, it was not produced until Pancoast made his motions for rehearing and for vacation of the award. In the hearing for confirmation of the award it was not disputed that Orchard held a license and that he alone entered into the contract. There was no evidence that he was required to have any license other than the one that he held as an individual. Upon the evidence produced at the hearing there was no justification for denial of confirmation of the

award upon the ground that Orchard was unlicensed to enter into the contract or to perform it.

In ruling upon the motions the court did not err in refusing to accept the offered evidence as proof that Orchard was required to have a license as a copartner or joint adventurer with Barr. Orchard died February 23, 1953, three days before the hearing officer made and signed his findings; March 19, 1953, the registrar adopted the findings and the proposed decision of the hearing officer. As proof of an adjudication respecting the licensing status of Orchard the record of the proceedings was a nullity. ■ A judgment or order made and entered after the death of a person and which purports to affect only his personal status is void. (Code Civ. Proc., § 385, *Boyd* v. *Lancaster,* 32 Cal.App.2d 574 [90 P.2d 317]; *Clark* v. *Goodwin,* 170 Cal. 527 [150 P. 357, L.R.A. 1916A 1142]; *Estate of Parsell,* 190 Cal. 454, 456 [213 P. 40, 25 A.L.R. 1561]; 28 West's Cal.Dig. 38, 39; 1 C.J.S. 173, 176.) ■ The disciplinary proceeding as against Orchard came to an end upon his death and no valid order could be made against him thereafter.

It may be that the trial court did not base its ruling upon this ground of invalidity of the decision of the registrar, since the point was not urged in that court. It is not discussed here in the briefs. ■ We must assume, however, in support of the order, that the court denied the application to vacate its order confirming the award upon each tenable ground. It could well be that the court held the order of the registrar to be ineffective as against the estate of Orchard for the reason that the findings of the hearing officer, which were adopted by the registrar, were to the effect that no partnership existed between Orchard and Barr and that Barr was employed to act as foreman on the job for a percentage of the profits. Although the hearing officer drew a conclusion from the findings that Orchard and Barr engaged in a "combination or joint venture" it was not found as a fact that they jointly submitted a bid or otherwise acted in the capacity of a contractor. If Barr was merely an employee it was not necessary for them to have a third license and there was no violation of section 7029, Business and Professions Code.

We have no occasion to consider the applicability of the holding in *Gatti* v. *Highland Park Builders, Inc.,* 27 Cal.2d 687 [166 P.2d 265], with respect to the sufficiency of the individual licenses of Orchard and Barr.

However, upon the application to vacate the order confirming the award upon the ground of inadvertence and mistake, no good reason was advanced for the failure to produce at the original hearing the record of the proceedings before the Contractors' State License Board. Such applications are addressed to the discretion of the court. It appears clearly that there was no abuse of discretion.

The judgment and order appealed from are affirmed.

Wood (Parker), J., and Vallée, J., concurred.