WILL OF SCHEUREN : LECAPITAINE and others, Appellants, vs. REITER, Executor, Respondent.

*November 12—December 9, 1930.*

For the appellants there was a brief by *Silverwood & Fontaine* of Green Bay, and oral argument by *T. P. Silverwood*.

For the respondent there was a brief by *Sheridan, Evrard*

*& Evrard,* attorneys, and *Meyer M. Cohen* of counsel, all of Green Bay, and oral argument by *Philip Sheridan.*

WICKHEM, J.   Petitioners contend that there was no laches on their part for the reason that they were lulled into security by representations of the beneficiaries of the will, one of whom was the executor.   These representations were to the effect that there would be very little left of the estate after probate; that all the parties had better keep still about the will for fear the relatives of the deceased on her husband's side might make a contest, and that the beneficiaries would do the right thing by petitioners provided they made no trouble.   It is further contended by petitioners that the probate of the will of an incompetent constitutes a fraud upon the county court, and that the court has both the right and the duty to vacate its probate and to purge its records of the fraud and imposition involved.

In probate proceedings two situations must be carefully differentiated.   It is entirely possible that a will may be offered for probate in good faith upon the belief, however erroneous, that the testator had mental competence, although in fact he did not.   In such a situation, assuming that a county court has any power to vacate its former proceedings on the ground of error, it is quite clear that the court may, in its discretion, insist upon a very strong showing of diligence against those who seek to upset the proceedings. This rule follows from the practical necessity of giving some finality to the proceedings of county courts.   *Estate of Cudahy,* 196 Wis. 260, 219 N. W. 203.

The situation is quite different where there is strong reason to believe that a fraud has been committed upon the county court either by offering the will of a known incompetent or a will which is known to have been obtained by undue influence, or in any situation where it appears that an attempt has been made to conceal or withhold from the

court evidence which should have been presented for its consideration. In such a situation this court has laid down in *Estate of Staab,* 166 Wis. 587, 166 N. W. 326, the rule which is to govern the county court. In the *Staab Case* the petitioners alleged that the testatrix, at the time of the will, was insane and under commitment to the insane asylum at Oshkosh; that she was wholly incompetent to make a will, and that petitioners proposed to contest the will but were induced not to do so by a stipulation with the beneficiaries whereby petitioners were to be paid a certain sum of money in consideration of their surrender of the contest. Petitioners alleged that they relied upon the statements and agreement, but later found that the beneficiaries did not intend to carry out the agreement. The petition asked that the agreement be ratified and the funds in the hands of the beneficiaries be effected with a trust in favor of the petitioners. The court held that the stipulation was of no avail under the rule laid down in *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778. It was also held that the case differed from the *Rice Case* in this: that whereas in the *Rice Case* the will was assumed and found to be valid, in the *Staab Case,* taking the petition as .true, the will was clearly void. The court said:

"If, as a matter of fact, Clara Staab was not legally competent to make a will, there was in effect a fraud perpetrated upon the court in the presenting of such a document for probate and supporting it by testimony tending to establish that it was the valid will of a competent testatrix. It is as much the duty of a court administering the estates of deceased persons to see to it that it does not attempt to administer a void document which has been palmed off on it as a valid one as it is to see to it that the terms of a valid will are not altered."

The court goes on to say:

"The mere fact that the year had gone by in which a formal appeal might be taken from the order admitting the

will to probate, or that interested persons, knowing the facts, concealed or withheld them from the court, does not alter the position of the county court itself, having, as here, the matter of the estate still before it to take the proper steps on its own motion to determine whether or not there has been such fraud perpetrated upon it under the guise of regular proceedings."

It is considered by the court that upon the showing made here, the case falls under the rule of the *Staab Case*. It is clear from evidence given by those interested under the will that representations were made to some of the petitioners for the evident purpose of inducing them not to contest the probate of the will. When these facts appear in the county court, coupled with an offer to show that the testatrix was wholly incompetent to make a will, it becomes the duty of the county court to open up the proceedings and consider the evidence of incompetency in order that it may not allow itself to be imposed upon by those interested in the will previously admitted to probate. It is considered that upon the showing made in this case the petition should have been granted and the proceedings vacated.

*By the Court.*—The order of the county court is reversed, and the cause remanded for further proceedings in accordance with this opinion.