Estate of Von Nobel: Ebenreiter, Claimant, Appellant, vs. Woulf, Administrator, Respondent.

*November 4—December 2, 1941.*

For the appellant there were briefs by *Lehner & Lehner, Adolph P. Lehner,* and *Howard Eslien,* all of Oconto Falls, and oral argument by *Adolph P. Lehner.*

*Emmet McCarthy* of Marinette, for the respondent.

FRITZ, J.   On this appeal the appellant, Ruth Ebenreiter, contends that she has an equitable lien on $747.30 received by Arthur Woulf, as administrator, on the sale of certain items of property purchased by Henry Von Nobel, deceased, under conditional sales contracts made between him and appellant; that this lien stands in place of her security; and that therefore the county court erred in denying her petition to amend the judgment entered November 13, 1940, allowing her claim in full as an unsecured claim, by now providing

that her claim is a preferred claim against money received by the administrator for the property pledged as security.

In the petition filed by appellant on April 30, 1941, upon which she bases her motion for the amendment of the judgment, there is no allegation whatever as to any mistake, fraud, or other circumstance which might be considered to afford an excuse for her delay in seeking relief by the amendment of the judgment. The petition was not filed until thirty-three months after the time for filing claims expired on July 19, 1938, thirty-one months after her claim was proven and allowed, and five months after judgment was entered on all claims allowed. Consequently, when appellant petitioned for additional relief by an amendment of the judgment, all claims against the estate had become barred under sec. 313.08, Stats., for many months, excepting in so far as they had been filed by July 1, 1938, which was the time limited by an order duly entered for that purpose. Under the rule barring claims not filed within the time so limited, claims duly filed within that time cannot be amended after the expiration of such time so as to increase the amount or nature of the relief or materially change the basis therefor. *Estate of White,* 223 Wis. 270, 270 N. W. 34; *Estate of Leu,* 172 Wis. 530, 179 N. W. 796. Moreover to justify the amendment or setting aside of a judgment or order in probate proceedings there must be a proper showing of some fraud or mistake. *Estate of Penney,* 225 Wis. 455, 473, 274 N. W. 247. At all events, as there is no such showing or even any showing of excusable neglect or inadvertence, we cannot conclude that there was any abuse of discretion on the part of the court in denying appellant's motion to amend the judgment.

*By the Court.*—Order affirmed.