ESTATE OF GUNDERSON: STIMSON and others, Appellants, vs. MUNSON and others, Respondents.

*May 15—June 10, 1947.*

*George A. Solsrud* of Madison, for the appellants.

*Lowell T. Thronson* of Madison, attorney, and *Daniel H. Grady* of Portage of counsel, for the respondents.

WICKHEM, J.    O. B. Gunderson died June 14, 1944.    On June 16, 1944, Etta Munsen petitioned for administration and on September 5, 1944, R. H. Farness was appointed administrator.    Proof of heirship was made on February 19, 1945, and the final judgment entered on February 27, 1945.    The petition to open the judgment was filed on October 1, 1946. Decedent was not married and left surviving him no father, mother, brother, or sister and no nieces or nephews.    Etta Munsen was a first cousin of decedent and in her petition for administration named herself and two sisters, Cora Munsen and Ida Erickson, as the heirs at law.

The petition alleged that there were also living at the time of decedent's death Ingeborg Gunderson Broton of North Dakota, a first cousin on decedent's father's side who survived decedent and died leaving six children; that there were in existence seven persons who were the children of two first cousins who had predeceased decedent.    The petition prays that the final judgment be amended to show the true heirship. Upon the hearing the Munsen sisters each denied knowledge of any heirs other than themselves.    The administrator admitted that on two occasions shortly before his death decedent told him that he was going to Dakota to visit his cousins.    He testified that he had made a check with the neighbors as to

other heirs and told Etta Munsen that there might be other heirs. He, however, made diligent effort to find such heirs and discovered none. The usual notices were thereafter published as required by law. Proof of heirship was taken pursuant to sec. 318.06 (7), Stats., and on February 19, 1944, the oaths being administered by the register in probate in open court. There was no contest and the final order assigned the estate to Etta Munsen, Cora Munsen, and Ida Erickson, first cousins of deceased.

Two principal contentions are made upon this appeal. (1) That the final judgment assigning the estate was irregularly entered because proper proof of heirship was not taken. This is grounded upon the contention that the register in probate had no authority to take a deposition, hear testimony and reduce it to writing and that proceedings in open court before the register in probate are irregular. (2) That the failure on the part of the administrator to inform the court of his information as to cousins of the deceased in North Dakota constituted a fraud upon the court and created both the jurisdiction and the duty to vacate the final order in order to avoid an imposition upon the court.

Appellants' first contention is based upon sec. 318.06 (7), Stats., which provides:

"No order shall be made assigning the residue of any estate or determining who are the heirs of any deceased person until proof is filed that notice of such proceeding has been given or waived as provided by section 324.18 nor until the testimony or deposition of one or more witnesses is reduced to writing and filed and the court is, from such evidence, fully satisfied as to who are the persons entitled to such residue or are the heirs of such deceased person."

It is contended by appellants that the register in probate is not one of those authorized by sec. 326.09, Stats., to take depositions and hence the practice of having a register hear the testimony is fatally irregular. We shall not examine this

point for several reasons. There is no contention that the defect is jurisdictional in character. The register in probate has power to administer oaths and testimony taken before him and reduced to writing has as much probative value as a deposition regularly taken, at least in an uncontested proceeding. The most that could be said is that the proceedings were irregular and constituted error but under all the circumstances we cannot believe that the error was prejudicial in an uncontested matter such as this. In any case the question was not raised in the lower court, and under the rules of this court petitioner has no standing to review the error. See *Lisbon Town Fire Ins. Co. v. Tracy,* 236 Wis. 651, 296 N. W. 126; *Estate of Allis,* 191 Wis. 23, 209 N. W. 945, 210 N. W. 418.

On the second point this court in *Estate of Penney,* 225 Wis. 455, 471, 274 N. W. 247, laid down the test applicable to opening judgments of the county court.

"The order or judgment, however erroneous, must stand until reversed, modified, or set·aside in accordance with the statutes heretofore mentioned. It is not subject to collateral attack merely because it is erroneous, nor is it void for that reason. Except for the statutory provisions for appeal or retrial, it may only be set aside upon the ground that its entry was induced by or constituted fraud upon the court or with certain limitations that need not be disclosed here, that it was the result of mistake or accident. Such fraud may consist of a suppression or misrepresentation of facts, the offering for probate of the will of a known incompetent, or misrepresentations to interested persons to induce them not to contest the will, and thus to take from the court the benefit of their testimony as to the competency of the testator or the fact of undue influence. Upon such a showing, a court has the inherent power, at least at any time while the estate is before it in probate, to set aside its judgments, purge the record of fraud, and protect itself from imposition. It must be concluded that the county court had jurisdiction to enter the orders discharging the appellants from their duties and liabilities as executors and administrators, respectively."

See also *Estate of Cudahy*, 196 Wis. 260, 263, 219 N. W. 203, where this court said:

"Sec. 324.21 provides that any county court may amend, correct, and perfect its record of any matter transacted therein in such manner as may be necessary to make the same conform to the truth. Manifestly this authorizes the correction of purely clerical mistakes. It authorizes the correction of records which do not speak the truth concerning the real action of the court. It does not authorize the court to reverse or set aside its orders or to vacate its judgments. If it permitted the court at its will and pleasure, or upon motion of any party interested, to vacate and set aside, reverse, or modify its orders or judgments, there would be no finality to the procedure of county courts, and would give rise to a chaotic condition anomalous in the law and intolerable in fact."

We concur with the trial court that no fraud or imposition on the court was shown in this case. The Munsens testified adversely that they knew nothing and still know nothing about any other heirs. The court was entitled to believe this testimony especially in view of the fact that the petitioners are claimed to have been on the father's side of decedent's family, whereas the Munsens were related on the decedent's mother's side. While decedent made some remarks to the administrator about visiting cousins in North Dakota there is no evidence that he made such a trip. He made no disclosure as to who the cousins were or their degree of relationship to him. This evidence falls far short of establishing a suppression amounting to an imposition upon the court. Petitioners fail for another reason. While an effort was made to prove that the administrator suppressed facts concerning other heirs no attempt was made to prove the existence of such other heirs. It was petitioners' position that this showing should entitle them to have the judgment opened up on the ground of fraud and that the proof of the existence of other heirs could be made thereafter. We cannot assent to this. Fraud or imposition

upon the court by withholding the facts as to other heirs cannot be established without first showing that there are other heirs. There is an allegation in the petition that one of the numerous persons claiming as heirs was a first cousin who survived decedent but no effort was made to prove this fact. We conclude that petitioner did not show any fraud or imposition upon the court which under the doctrine of the *Penney Case, supra,* would warrant the court in opening the judgment. To accede to petitioners' contention would be to rob final judgments of their finality and make the opening of a final decree almost a matter of course where there is hardly more than a suspicion that error has been committed. The situation is quite different from *Estate of Bailey,* 205 Wis. 648, 238 N. W. 845, where there was deliberate suppression of the existence of a known heir. In this connection see *Estate of Staab,* 166 Wis. 587, 166 N. W. 326, and *Will of Scheuren,* 203 Wis. 69, 233 N. W. 622.

*By the Court.*—Order affirmed.