ESTATE OF MAYER: DARLING, Appellant, vs. COMMERCIAL & SAVINGS BANK, Administrator, Respondent.

*May 25—July 1, 1948.*

For the appellant there were briefs by *Peterson & Kittelsen* of Monroe, and oral argument by *Rodney Kittelsen* and *Marshall L. Peterson.*

For the respondent there was a brief by *Loveland & Benkert* of Monroe, attorneys, and *C. G. Mathys* of Madison of counsel, and oral argument by *Mr. Mathys* and *Mr. Arthur C. Benkert.*

ROSENBERRY, C. J.   The trial court denied claimant's motion to amend the claim by substituting for the note dated June 30, 1934, which was lost, note for $400 dated January 29, 1934.   The court denied the motion on the ground that the time for filing claims having expired claimant was not entitled to file the $400 note.   The trial court made this ruling upon the authority of *Estate of Von Nobel* (1941), 239 Wis. 233, 1 N. W. (2d) 76.   The trial court was correctly of the opinion that the proposed amendment, if allowed, would materially alter the claim as filed.   The dates of the notes are different.   The amounts are different, and even the interest rate is different.   The original claim was based upon a certain promise to pay and the note proposed to be introduced by the amendment was based upon a different promise to pay a different amount at different times.

Upon their face notes 1 and 2 were barred by the six-year statute of limitations. Claimant sought to avoid the effect by showing a credit of $50 on each note, such credits having been made under the following circumstances: Kenneth Mayer, a son of the deceased, testified that he knew the plaintiff bought a rifle from his father in the fall of 1945, and his father told him that the $100 was to be applied to notes that were owed to Mr. Darling. He was not present when the transaction took place and he did not know which notes were involved. The record discloses the following:

The Court:

"Q. It was after the transaction that your Dad told you? A. Yes, I wanted to keep the gun but Dad told me he had to use it to make notes good. The only reason I wanted the gun was for sentimental reasons. I wanted it for my collection.

"Q. Now, I understand it was to be applied on notes. Can you tell which notes? A. No, I don't know. I don't know the amount of the notes."

It does not appear that the payee made any direction as to which of the four notes the $100 was to be applied.

It is considered that under the circumstances of this case the trial court correctly held that the delivery of the deer rifle was insufficient to establish an intention on the part of the payor that the proceeds should be applied upon any particular note. *Estate of Shea* (1929), 198 Wis. 613, 225 N. W. 326. See also *Anderson v. Nystrom,* 103 Minn. 168, 114 N. W. 742, 13 L. R. A. (N. S.) 1141.

The claimant also moved for a new trial on the ground of newly discovered evidence. Without setting out the affidavits it is considered the trial court correctly held that the showing made in support of the motion for a new trial was insufficient. At best the evidence, if competent, was cumulative, and its introduction would not in all probability have changed the result, nor is there a showing of sufficient diligence.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.