ESTATE OF PHEPHLES: BOHL and others, Appellants, vs. WOLD, Administratrix, and another, Respondents.

*September 15—October 12, 1948.*

For the appellants there was a brief by *Cyril C. Foster* of Milwaukee, attorney, and *F. E. Yates* of Eau Claire of counsel, and oral argument by *Mr. Foster*.

*William A. Hyde* of Milwaukee, for the respondents.

FAIRCHILD, J. The controlling question is whether the appellants have shown sufficient cause to warrant the vacating of the final decree entered April 13, 1927. That decree settled the estate of William Phephles, discharged Mary Phephles, administratrix, and canceled her bond.

Sec. 324.05, Stats., provides:

*"Extension of time for appeal; retrial.* If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or

the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

Aside from the provisions of that section which clearly do not apply to appellants who have waited nineteen years, the conditions on which the relief asked here could be granted were set down by this court in *Estate of Penney* (1937), 225 Wis. 455, 471, 274 N. W. 247, where it is said:

"Except for the statutory provisions for appeal or retrial, it [decree settling the accounts of the administrator] may only be set aside upon the ground that its entry was induced by or constituted fraud upon the court or . . . that it was the result of mistake or accident."

That case was one in which certain beneficiaries of a will filed a petition charging the administrators and executors of the will with maladministration of the estate. An order granted below was brought here on appeal. It appeared that the county court had previously approved the accounts and made final orders discharging the administrators and executors and their bondsmen. This court held that no cause existed for vacating those former orders saying that "somewhere in the proceedings there must be a showing of fraud or mistake to justify vacating the former decrees." (p. 473.) See also *Will of Cosgrove* (1941), 236 Wis. 554, 295 N. W. 784; *Estate of Von Nobel* (1941), 239 Wis. 233, 235, 1 N. W. (2d) 76; *Estate of Gunderson* (1947), 251 Wis. 41, 44, 27 N. W. (2d) 896.

It appears that the administratrix made a full disclosure of all proceedings in the Minnesota action to the county court when the estate of William Phephles was finally closed. The petitioners were represented by a guardian *ad litem,* who appeared for them at the final hearing. Upon those facts there is no room for the conclusion urged by appellants that "since the final decree utterly fails to show any disposition of the funds to anyone, but in fact shows that there was no personal

property, indicates very strongly that a fraud was committed on court."

It also appears from the record submitted in the probate proceedings that the cause of action under the Federal Employers' Liability Act, 45 USCA, secs. 51–59, and the resulting fund were at no time a part of the estate of the deceased. The provisions of that act applicable here are (p. 118, sec. 51):

"Every common carrier by railroad while engaging in commerce between any of the several states or territories, . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee. . . ."

Actions under this act are ruled by the federal court decisions. *Lind v. Chicago, M., St. P. & P. R. Co.* (1934) 216 Wis. 405, 256 N. W. 705, and cases cited therein.

*In re Butler* (D. C. 1937), 20 Fed. Supp. 995, 997, and *In re McHugh* (D. C. 1947), 75 Fed. Supp. 766, which respondent refers us to, are directly in point. *In re Butler,* speaking of the Employers' Liability Act, says:

"It is well settled that the right of action granted for the death is not a survival of the right of action in the decedent for the injuries received and is not for the benefit of the decedent's estate."

We hold, therefore, that the provisions of the law under which recovery was had in the Minnesota court were for the benefit of wife and children and under the judgment of that court the avails have reached and been used for the proper beneficiaries.

There being no mistake and no suggestion of fraud it follows that the petitioners are barred from any right of further proceedings.

*By the Court.*—Order affirmed.