IN RE LIQUIDATION OF LA CROSSE SAND & GRAVEL COMPANY: MARSHALL & ILSLEY BANK, Executor, Respondent, v. RORAFF, Receiver, Appellant.

*February 8—March 7, 1961.*

42

For the appellant there were briefs by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Leonard Roraff*.

For the respondent there was a brief by *Steele, Smyth, Klos, Thompson & Flynn* of La Crosse, and oral argument by *Robert D. Smyth*.

BROWN, J.   The evidence leaves no doubt but that Mr. and Mrs. Meyer intended to pledge the dredging equipment as security to the loan and Mr. Klein intended to receive that security and at the time of the transaction the parties believed that they were carrying out those intentions.   As sole officers and shareholders of the corporation, Mr. and

Mrs. Meyer had complete domination over the property, could pledge it for a loan if it belonged to the corporation as effectively as they could if they owned it as individuals. Wherever the technical ownership of the dredging equipment might lie, Meyer and his wife, in one capacity or another, could give the property as security for a loan. They expected to make an effective pledge of the property, as Klein expected to receive one. The chattels turn out to belong to the corporation, which corporation is solely owned by the individual Meyers. We concur in the trial court's determination that the note and mortgage can and should be reformed to carry out the pledge which the parties to the transaction intended to accomplish.

The difficulties do not end when the reformation has been decreed. The agreement of May 7, 1956, put in escrow $2,400 pending the identity of the true owner of the dredging equipment and the determination of whether the chattel mortgage is a valid lien against the property. The reformation of the note and mortgage determined that the obligation is that of the corporation. That enabled Mr. Klein to proceed against the La Crosse Sand & Gravel Company on the note and mortgage, and his procedure against that company was thus validated. What was his procedure? On August 6, 1956, he filed a claim on the note—simply on the note—with no mention of security. Time to file claims expired October 3, 1956. He did not proceed as on a secured claim until he filed his answer on October 29, 1956, above referred to.

Sec. 180.777, Stats., says:

"FILING OF CLAIMS IN LIQUIDATION PROCEEDINGS. In proceedings to liquidate the assets and business of a corporation the court shall require all creditors and claimants of the corporation to file with the clerk of the court or with the receiver, in such form as the court may prescribe, proofs under oath of their respective claims, and shall fix a date,

which shall be not less than four months from the date of the order, as the last day for the filing of claims, and shall prescribe the notice that shall be given to creditors and claimants of the date so fixed. Prior to the date so fixed, the court may extend the time for the filing of claims. Creditors and claimants failing to file proofs of claim on or before the date so fixed *shall be barred,* by order of the court, from participating with other creditors and claimants in the distribution of the assets of the corporation in such proceedings." (Emphasis supplied.)

By amendment of the statute in 1953, "shall be barred" superseded "may be barred," as the statute formerly read.

Appellant considers this statute governs the present situation and the claim, as a secured claim, has not been filed in time.

The 1953 revision committee's published note to sec. 180.777, Stats., is instructive and is as follows:

"Establishing a time for filing claims serves little purpose if failure to file within the period does not bar the claim. Efficient liquidation practice requires that a cutoff date for claims be established—the law permits ample time for creditors to file; changing 'may' to 'shall' should expedite liquidations and promote uniformity of administration."

Respondent relies on sec. 180.787, Stats., interpreting that section as permitting the claimant two and one-half years after the corporation has been dissolved. If the revision-committee note, *supra,* can be taken as the intention of the legislature, as we believe, sec. 180.777 should control. Also, if the two sections conflict, the later statute should govern. Sec. 180.777, as amended, was enacted in 1953, whereas sec. 180.787 dates from 1951.

In support of appellant's contention that the claim as a secured one was filed too late, he draws an analogy between the disallowance of claims filed too late in probate matters and in receivership proceedings. The probate statute is sec. 313.08, Stats., which states flatly that claims not filed within

the time limited shall be barred. Sec. 180.777 does not use the same language. It says that failure to file proofs of claims on or before the date so fixed shall be barred by order of the court but we consider that, when there is an order barring claims after a certain date, we have the equivalent of sec. 313.08. Presently the record shows that the petition for receivership dated May 8, 1956, and for liquidation of the corporation prays the court to appoint a receiver and "to provide by order that notice be published limiting the time to file claims pursuant to statute." On that petition the court on May 9, 1956, ordered that notice be published "in the manner and form of the notice attached hereto." The attached form of notice was also signed by the court giving notice "that all persons having claims against said corporation file their claims on or before the 3d day of October, 1956. . . . In the event of failure to file claims on or before such date, such claims will be barred." The petition for the order, the order itself signed by the court, and the notice prescribed and signed by the court, constitute an order barring untimely claims meeting the requirement of sec. 180.777.

We see no reason to differentiate between the timely filing of claims in receivership and in probate proceedings or in the effect of late filing. Therefore adjudications concerning late filing of claims against the estates of deceased persons are applicable to late claims in receivership. In *Estate of Von Nobel* (1941), 239 Wis. 233, 235, 1 N. W. (2d) 76, a claim against a deceased person's estate was filed within the time limit as an unsecured claim. Judgment was allowed on that claim but thereafter, when the time had expired, the claimant attempted to amend his claim as a secured one. The amendment was denied by the probate court and was affirmed by this court. We said:

". . . when appellant petitioned for additional relief by an amendment of the judgment, all claims against the estate had

become barred under sec. 313.08, Stats., for many months, excepting in so far as they had been filed by July 1, 1938, which was the time limited by an order duly entered for that purpose. *Under the rule barring claims not filed within the time so limited, claims duly filed within that time cannot be amended after the expiration of such time so as to increase the amount or nature of the relief or materially change the basis therefor.*" (Our italics.)

Reformation of the note and mortgage did no more than enable Klein to proceed against the corporation. He still had to make his claim within the time limited for filing claims. He timely chose to file a claim on a note without security. After time had expired he has attempted to enlarge his claim so as to constitute it a preferred claim. He comes too late for this. The reformation is effective now only to allow against the La Crosse Sand & Gravel Company the claim which he timely filed, that is, the claim on the note alone. The trial court did not expressly consider the question of a late filing of claim but, by the judgment giving Klein priority in the distribution of the proceeds of the mortgaged property, in effect the court rejected the receiver's argument that the claim is not a secured one. On this feature we must reverse and modify the judgment to strike out the provision that the claimant gets priority over the general creditors by virtue of his chattel mortgage, and substitute therefor a provision that claimant participates in the liquidation only as a general creditor.

*By the Court.*—Judgment modified by striking from the judgment the provision that claimant shall be paid out of the proceeds of the sale of the dredging equipment prior to the distribution to general creditors; and, as so modified, the judgment is affirmed. The parties shall pay their own costs in this court.