ESTATE OF LAEGE: RIEGE, Executor, Appellant, vs. MIL-
LER, Respondent.

*February 6—March 6, 1923.*

*Wills: Revocation by later will: Loss of later will: Effect on rev-
ocation: Secondary evidence as to contents of lost will.*

1. The due execution of a will specifically revoking all former wills
   revokes them; and in this state it is not essential that there
   should be a revocation clause in the later will. If it is duly
   executed and shows a change from the former will of dis-
   position of property and disposes of testator's estate, it oper-
   ates as a revocation.
2. Where a will contains a clause revoking a former will the
   revocation is immediate and absolute, and the former will is
   not revived by the fact that the later will cannot be found or
   has been destroyed.
3. In a proceeding to revoke the probate of a will on the ground
   that a later will in terms revoking the will had been executed,
   the evidence is *held* to sustain a finding that such later will
   was executed and contained a revocation clause, although
   the will had been lost or destroyed.
4. Where a will claimed to revoke a former will admitted to pro-
   bate cannot be found after due search and there is some
   evidence that it was destroyed, secondary or oral testimony
   as to its contents is admissible.

APPEAL from an order of the county court of Dodge
county: E. H. NABER, Judge. *Affirmed.*

Proceedings to revoke the probate of a will. On October
4, 1920, the will of Christian Laege, deceased, was ad-
mitted to probate. Administration proceedings in the usual
course were had. A hearing on claims was held; the ex-
penses of the last sickness and the funeral were allowed by
the court and paid by the executor. In July, 1921, a peti-
tion to revoke the probate of the will was filed, and upon a
hearing the court entered an order revoking its probate on
the ground that the proof showed the due execution of a
later will which in terms revoked the one admitted to pro-
bate. From such order the executor appealed.

For the appellant the cause was submitted on the brief of

Estate of Laege, 180 Wis. 32.

*R. W. Lueck* of Watertown and *Clifford & Hartman* of Juneau.

*August Kading* of Juneau, for the respondent.

VINJE, C. J.    The issue presented by the appeal is one of fact only.    The law is well settled that the due execution of a will specifically revoking all former wills revokes them. 28 Ruling Case Law, 172.    Under our statutes it is not essential that there should be a revocation clause in the later will. If it is duly executed and shows a change from a former will of disposition of property and disposes of testator's estate, it operates as a revocation of the former will though there is no revoking clause.    *Will of Fisher,* 4 Wis. 254; *Templeton v. Butler,* 117 Wis. 455, 94 N. W. 306.    And where there is a clause revoking a former will such revocation is immediate and absolute, and the former will is not revived by the fact that the later will cannot be found or has been destroyed.    Cassoday, Wills, § 386, and cases cited; *Noon's Will,* 115 Wis. 299, 91 N. W. 670.    The evidence shows almost without dispute that the last will was duly executed and that it contained a revoking clause.    It was witnessed by the scrivener, Mr. Yauman, and Miss Hageman in the presence of the testator and of each other, and at his request, and Mr. Yauman testified that it contained a revoking clause.    The only doubt cast upon such testimony is the fact that in a telephone conversation with the attorney for the executor in January, 1921, he said he did not know the contents of the will.    He explains that by saying in substance that owing to the attorney's methods of handling the matter he did not wish to mix up in the affair, and that he did not consider himself a witness over the telephone or that a telephone conversation was appropriate for the discussion of the matter.    The trial judge saw the witness and believed him when he stated that a later will containing a revoking clause was executed.    We think the court was justified in so doing.    Mr. Yauman was a banker in

good standing in his community who had drawn from three to four wills annually. He seems to have a clear and specific recollection of drawing the will in question and of the substance of its contents. As testified to by him it disposed of testator's whole estate.

We think the trial court properly received secondary or oral testimony as to the contents of the last will. It could not be found after due search and there was some evidence tending to show it was destroyed.

It is claimed the petitioner was guilty of laches in not sooner discovering that another will had been made. The trial court properly found against such claim, especially since it was not shown that the interest of any one had suffered by reason of the alleged delay.

*By the Court.*—Order affirmed, with costs in favor of respondent.