ESTATE OF EBERHARDT: EBERHARDT, Respondent, vs. EBER-
HARDT, Appellant.

*September 9—October 8, 1957.*

440

For the appellant there were briefs by *Brennan, Brennan & Brennan* of Milwaukee, and oral argument by *Martin J. Brennan.*

For the respondent there was a brief and oral argument by *Alvin L. Zelonky* of Milwaukee.

CURRIE, J. The appellant contends that the principle of dependent relative revocation is applicable to the facts of the instant case, and requires reversal of the order appealed from. Our review of the authorities dealing with the principle of dependent relative revocation leads us to the inescapable conclusion that if such principle is applicable to the facts here before us it would require a determination that the attempted revocation of the 1953 will was ineffective and void, and not that the 1948 will was thereby reinstated. The principle of dependent relative revocation can never be employed for the purpose of reviving a will which has previously

been validly revoked, as occurred in the instant case with respect to the 1948 will.

The precedent which controls the disposition of this appeal is *Estate of Callahan* (1947), 251 Wis. 247, 29 N. W. (2d) 352. In that case testatrix and her husband had executed wills in 1940 and 1944. The 1944 will contained the usual revocation clause revoking all prior wills. On January 1, 1945, the husband of testatrix informed the attorney who had drawn these wills that he and the testatrix had destroyed their 1944 wills for the purpose of reinstating their 1940 wills. In March, 1945, testatrix executed what purported to be a codicil to her 1940 will. This codicil made disposition of some property not provided for in the 1940 will, and specifically reinstated the 1940 will. Testatrix died in June, 1945. The will of 1940, the will of 1944 (the attorney having produced a copy of the same), and the codicil of March, 1945, were offered for probate in the alternative. The evidence disclosed that testatrix was incompetent to make a will at the time she executed the codicil in March, 1945, and thus such instrument was of no effect. The trial court determined that the principle of dependent relative revocation was applicable to the destruction of the 1944 will. This was because she had destroyed the 1944 will under the mistaken belief that she could thereby revive her 1940 will. Therefore, the court held that the destruction of the 1944 will under such circumstances did not revoke it, and the 1944 will was admitted to probate as the last will and testament of the decedent.

On appeal this court affirmed. Mr. Justice RECTOR in his opinion commented that the usual situation giving rise to the invocation of the principle of dependent relative revocation is where a testator, having executed one will, thereafter attempts to revoke it by reason of making a later testamentary disposition which for some reason proves ineffective. The opinion then proceeded to point out that the situation before

the court differed from this in that a later will was revoked by testatrix under the mistaken belief that by so doing an earlier will could be reinstated. However, it was held that the doctrine of dependent relative revocation also applied to this latter and more-unusual type of situation, and the English case of *Powell v. Powell* (1866), Law Rep., 1 Probate *209, was cited in support of such determination.

1 Page, Wills (lifetime ed.), p. 863 *et seq.*, sec. 475, discusses the effect of revocation of an earlier will as a result of execution of a later will containing a clause revoking prior wills. Because the dispositive clauses of a will do not take effect until the death of the testator, the courts of some states hold that a revocation clause contained in a will is likewise not effective until death. Therefore, in such states the courts would hold, in the fact situation here before the court, that the destruction by testator during his lifetime of his 1951 and 1953 wills would render the revocation clauses of such wills ineffective to revoke the 1948 will. However, other states, and Wisconsin is one of these, hold that a revocation clause in a second will is effective to revoke a prior will as soon as such second will is executed by the testator: Wisconsin cases so holding are *Will of Noon* (1902), 115 Wis. 299, 91 N. W. 670, 95 Am. St. Rep. 944, and *Estate of Laege* (1923), 180 Wis. 32, 192 N. W. 373.

In those states, such as Wisconsin, which hold that a revocation clause contained in a later will is effective immediately upon the execution of such instrument to revoke prior wills, and which also have a statute similar to our sec. 238.06, Stats., a prior will thus revoked cannot thereafter be revived and reinstated by a testator except by a written instrument executed in the manner required by such statute. The public policy underlying such result, of not permitting a revoked prior will to be revived by parol declaration of the testator, is stated in 1 Page, Wills (lifetime ed.), p. 870, sec. 475, as follows:

"As the whole tendency of legislation has been to require form in the execution of a will, and as the courts are careful to prevent testator from incorporating a document to be made in the future, no matter how clear his intent may be to incorporate it, it would seem that a situation in which testator might put one or the other of his wills in effect by oral declarations was a violation of the spirit of modern legislation on the subject of the execution of wills, and probably a violation of the letter as well."

*By the Court.*—Order affirmed.